The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10 | SEYYED JAVAD MAADANIAN,
LEONARDO CACHO, RUBEN CHARLES,
11 | CARL CLARK, LINDA CREA, SR.,
BRANDON DUELING, ROXIE HARRIS,
12 | WENDER JEUDY, WANDA JONES, SEAN
K. LEE, TINA MARIE, LETITIA
13 | MATTHEWS, ROBERT MCCUMSEY,
RULESHA MCKINNEY, BIANCA ORTIZ,
14 | FRANCY DIAZ PEREZ, JAMES POWELL,
ANTHONY PYLES, ELLERY RICHARD,
15 | JEFFREY ROBINSON, MARCIO SINELLI,
THOMAS STEFANOPOULOS, BETTY
16 | WALTON, JENNIFER WALKER, HUEY
WILLIAMS, and ANTONIO WYNN,
17 | individually and on behalf of all others
similarly situated,

Case No. 2:22-cv-00665-RSL

**MOTION OF DEFENDANTS
MERCEDES-BENZ USA, LLC,
MERCEDES-BENZ GROUP AG, AND
MERCEDES-BENZ AG TO DISMISS
PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR LACK OF
PERSONAL JURISDICTION (FRCP
RULE 12(B)(2))**

**NOTE ON MOTION CALENDAR:
January 13, 2023**

18

Plaintiffs,

**ORAL ARGUMENT REQUESTED**

19

v.

20

MERCEDES-BENZ USA, LLC,
21 | MERCEDES-BENZ
AKTIENGESELLSCHAFT, and
22 | MERCEDES-BENZ GROUP
AKTIENGESELLSCHAFT,

23

Defendants.

24

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

134645.0001/9161810.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# TABLE OF CONTENTS

Page

INTRODUCTION AND RELIEF REQUESTED ........................................................................ 1

MEMORANDUM OF AUTHORITIES ................................................................................... 1

I.     FACTUAL BACKGROUND ....................................................................................... 1

II.    LEGAL STANDARD ................................................................................................. 3

III.   ARGUMENT ............................................................................................................ 4

    A.    The SAC Should Be Dismissed Because Plaintiffs' Asserted Basis for
        Personal Jurisdiction in This Case Is Invalid ..................................................... 4

    B.    The Court Cannot Exercise General Jurisdiction over Defendants
        Because They Are Not "Essentially At Home" in Washington ............................ 5

    C.    The Court Cannot Exercise Specific Jurisdiction Because Plaintiffs'
        Claims Do Not Have a Substantial Connection to Any Defendant's
        Contacts with Washington .................................................................................. 6

        1.    Plaintiffs Do Not Allege Sufficient Facts to Establish Specific
            Jurisdiction Over Defendants in Washington as to Any of Their
            Claims ................................................................................................... 7

        2.    The Non-Washington Plaintiffs' Claims Should Be Dismissed
            Under *Bristol-Meyers* ........................................................................ 10

        3.    The Presence of a Third-Party Affiliate in Washington Does Not
            Subject Defendants to Personal Jurisdiction ......................................... 13

CONCLUSION ............................................................................................................ 15

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - i
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

# TABLE OF AUTHORITIES

Page

**Cases**

*AM Tr. v. UBS AG,*
  681 Fed. App'x 587 (9th Cir. 2017) ...................................................5

*AMA Multimedia, LLC,*
  970 F.3d 1201, 1207 (9th Cir. 2020) ...............................................3

*Arias v. Mercedes-Benz USA, LLC,*
  2021 U.S. Dist. LEXIS 63082 (M.D. La. Mar. 30, 2021) ........................8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
  874 F.3d 1064 (9th Cir. 2017) ...............................................6, 14

*BNSF Ry. Co. v. Tyrrell,*
  137 S. Ct. 1549 (2017)...............................................6

*In re Boon Blob. Ltd.,*
  923 F.3d 643 (9th Cir. 2019) ...............................................3, 4

*Bray v. Kendall,*
  2010 U.S. Dist. LEXIS 281 (N.D. Cal. Jan. 5, 2010) ..............................5

*Bristol-Myers Squibb Co. v. Superior Ct. of California,*
  137 S. Ct. 1773 (2017)............................................... *passim*

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
  788 F.2d 535 (9th Cir. 1986) ...............................................5

*Calder v. Jones,*
  465 U.S. 783 (1984)...............................................4

*Core-Vent Corp. v. Nobel Indus. AB,*
  11 F.3d 1482 (9th Cir. 1993) ...............................................9

*Cork v. CC-Palo Alto, Inc.,*
  534 F. Supp. 3d 1156 (N.D. Cal. 2021) ...............................................14

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014)...............................................4, 5

*Doe v. Unocal Corp.,*
  248 F.3d 915 (9th Cir. 2001) ...............................................13

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - ii
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

*Doe v. Walmart Inc.*,
  2019 U.S. Dist. LEXIS 21975 (N.D. Cal. Feb. 8, 2019) ..........................................................5

*Dupree v. Mercedes-Benz USA, LLC*,
  2019 U.S. Dist. LEXIS 225254 (W.D. La. Dec. 26, 2019), *report and
  recommendation adopted*, 2020 U.S. Dist. LEXIS 9220 (W.D. La. Jan. 16,
  2020); ..........................................................................................................................................8

*Ford Motor Co. v. Montana Eighth Judicial Dist. Court*,
  141 S. Ct. 1017 (2021)................................................................................................................12

*Gaillet v. Ford Motor Co.*,
  2017 U.S. Dist. LEXIS 67234 (E.D. Mich. May 3, 2017)...........................................................8

*Gaines v. General Motors, LLC*,
  2018 U.S. Dist. LEXIS 133019 (S.D. Cal. Aug. 7, 2018) .........................................................12

*Goldstein v. General Motors LLC*,
  445 F. Supp. 3d 1000 (S.D. Cal. 2020).....................................................................................12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)............................................................................................................3, 4, 6

*Hanson v. Denckla*,
  357 U.S. 235 (1958)....................................................................................................................11

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) .......................................................................................................8

*U.S. ex rel. Imco Gen. Const., Inc. v. Ins. Co. of Pa.*,
  2014 U.S. Dist. LEXIS 123648 (W.D. Wash. Sept. 3, 2014)......................................................3

*Kastigar v. Mercedes-Benz USA, LLC*,
  2022 U.S. Dist. LEXIS 69714 (D. Ariz. Apr. 14, 2022), *report and
  recommendation adopted*, 2022 U.S. Dist. LEXIS 116910 (D. Ariz. June 30,
  2022) ..........................................................................................................................................15

*Lee v. Abdel-Haq*,
  2013 U.S. Dist. LEXIS 20260 (W.D. Wash. Feb. 14, 2013)...........................................13, 14

*LNS Enterprises LLC v. Continental Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022) .......................................................................................................8

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) .....................................................................................................5

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - iii
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

*Morrill v. Scott Fin. Corp.*,
   873 F.3d 1136 (9th Cir. 2017) ................................................................3

*Murphy v. DirecTV, Inc.*,
   724 F.3d 1218 (9th Cir. 2013) ..............................................................14

*Ranza v. Nike, Inc.*,
   793 F.3d 1059 (9th Cir. 2015), *cert. denied*, 577 U.S. 1104 (2016)........13

*Ratha v. Phatthana Seafood Co., Ltd.*,
   26 F.4th 1029 (9th Cir. 2022) ...............................................................14

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..............................................................6, 7

*Shute v. Carnival Cruise Lines*,
   113 Wash. 2d 763 (1989)......................................................................3

*Spratley v. FCA US LLC*,
   2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sept. 12, 2017) ...................12

*Walden v. Fiore*,
   571 U.S. 277 (2014).............................................................................4, 6

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) ..............................................................14

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980)..........................................................................3, 11

**Statutes**

18 U.S.C. § 1961 .................................................................................1, 4, 5, 15

18 U.S.C. § 1965(d) ...........................................................................1, 4, 5, 13

RCW 4.28.185 ............................................................................................3

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(2) ....................................1, 16

Restatement (Third) of Agency § 1.01 cmt. g (2006) ...............................14

United States Constitution Due Process Clause.................................1, 3, 5, 15

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - iv
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

1

**INTRODUCTION AND RELIEF REQUESTED**

2    Plaintiffs' only allegations purporting to establish personal jurisdiction over Defendants

3  are found in paragraph 11 of the Second Amended Complaint ("SAC"), and they rely on 18 U.S.C.

4  § 1965(d).  But that statute by its terms applies only to claims brought under the Racketeering

5  Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*.  Plaintiffs do not

6  plead any RICO claims, and section 1965(d) is not jurisdictional in any event.  The SAC should

7  be dismissed for these reasons alone.

8    Even if the Court is willing to go beyond paragraph 11, it will find no bases for personal

9  jurisdiction that satisfy the Due Process Clause of the United States Constitution.  As is evident

10  from plaintiffs' SAC, and reaffirmed in the Declaration of Gregory Gunther ("Gunther Decl."),

11  the Defendant entities are all formed and have their principal places of business outside

12  Washington and are therefore not "essentially at home" here, precluding general personal

13  jurisdiction.  Nor do Plaintiffs allege facts that would establish their claims arise out of or relate to

14  any contacts by Defendants with Washington, precluding specific personal jurisdiction.

15    Indeed, of the 26 named Plaintiffs, only one alleges he is a resident of Washington.  As

16  discussed below, the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Ct. of*

17  *California*, 137 S. Ct. 1773 (2017), alone plainly disqualifies the Court from adjudicating the

18  claims of the 25 remaining Plaintiffs who are not Washington residents and do not allege any

19  injury in Washington.

20    Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the SAC should be dismissed

21  for lack of personal jurisdiction over Defendants.

22

**MEMORANDUM OF AUTHORITIES**

23

**I.  FACTUAL BACKGROUND**

24    Plaintiffs allege they own various Mercedes-Benz vehicles with allegedly defective brake

25  boosters.  *See* SAC ¶¶ 13-66.  Each Plaintiff also alleges the state and town or county in which he

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 1
CASE NO. 2:22-cv-00665-RSL

134645.0001/9161810.1

1  or she lives; only Plaintiff Maadanian alleges he lives in Washington.  *Id.*  In other words, of the

2  26 Plaintiffs, 25 of them allege they live in states other than Washington.  *Id.*

3  No Plaintiffs allege they purchased their vehicle in Washington, nor that their vehicles were

4  manufactured in Washington – including Maadanian, the sole alleged Washington resident.  *See*

5  *generally* SAC.  No Plaintiffs allege they have ever had brake booster issues in Washington.  *Id.*

6  No Plaintiffs allege they ever viewed, heard, or received any advertising or other communication

7  in Washington.  *Id.*  Maadanian, the sole Washington resident, alleges only that he "called" an

8  unidentified "local Mercedes dealership" about his brake booster issue.  *Id.* ¶ 13.  Had he contacted

9  defendant Mercedes-Benz USA, LLC ("MBUSA") directly about his brake booster he would have

10  been informed that MBUSA would have paid for a rental car, and would have provided towing to

11  an authorized dealership for inspection.  Gunther Decl. ¶ 6.

12  Plaintiffs do not allege MBUSA was formed in Washington.  It is in fact a Delaware limited

13  liability company and, as Plaintiffs acknowledge, it is headquartered in Sandy Springs, GA.

14  Gunther Decl. ¶ 2; SAC ¶71.  Plaintiffs also acknowledge defendants Mercedes-Benz Group AG

15  (MBG) and Mercedes-Benz AG (MBAG) are both German *Aktiengesellschaft*, or public stock

16  companies, with their principal places of business in Stuttgart, Germany.  SAC ¶¶ 67, 69.

17  For purposes of their jurisdictional allegations, Plaintiffs also identify Mercedes-Benz

18  Research & Development North America, Inc. ("MBRDNA") as maintaining an office in

19  Washington.  SAC ¶ 11.  Tellingly, Plaintiffs have not named MBRDNA as a Defendant,

20  presumably because they know they have no good faith basis for suing MBRDNA.  *See also*

21  Gunther Decl. ¶ 5 ("MBRDNA had no involvement, in Washington or anywhere else, with the

22  brake boosters at issue in this lawsuit, including their design, manufacture, sale, or testing.").

23  As is typical in the automotive industry, Mercedes-Benz dealers and service shops in

24  Washington are independently owned and operated companies.  Gunther Decl. ¶ 4.  Plaintiffs do

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 2
CASE NO. 2:22-cv-00665-RSL

134645.0001/9161810.1

1  not allege otherwise, suggesting only in conclusory terms that they are "maintained" by

2  Defendants.  SAC ¶ 72.

3  ## II.  LEGAL STANDARD

4  When, as here, "a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff

5  bears the burden of demonstrating that jurisdiction is appropriate."  *Morrill v. Scott Fin. Corp.*,

6  873 F.3d 1136, 1141 (9th Cir. 2017) (quotation marks omitted).  When, as here, defendants submit

7  evidence, a plaintiff may not "simply rest on the bare allegations of [the] complaint" and instead

8  must "make a prima facie showing of jurisdictional facts."  *AMA Multimedia, LLC*, 970 F.3d 1201,

9  1207 (9th Cir. 2020) (quoting *In re Boon Blob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019)).

10  To establish personal jurisdiction, a plaintiff must show that (1) the forum state's long-arm

11  statute confers personal jurisdiction over the out-of-state defendant, and (2) the exercise of

12  personal jurisdiction does not violate federal due process.  *Id.*  Washington's long-arm statute,

13  RCW 4.28.185, "extends jurisdiction to the limit of federal due process."  *Shute v. Carnival Cruise*

14  *Lines*, 113 Wash. 2d 763, 771 (1989).  "The Court therefore need determine only whether the

15  exercise of jurisdiction comports with federal constitutional requirements."  *U.S. ex rel. Imco Gen.*

16  *Const., Inc. v. Ins. Co. of Pa.*, 2014 U.S. Dist. LEXIS 123648, at *4 (W.D. Wash. Sept. 3, 2014).

17  "Because '[a] state court's assertion of jurisdiction exposes defendants to the State's

18  coercive power,' it is 'subject to review for compatibility with the Fourteenth Amendment's Due

19  Process Clause,' which 'limits the power of a state court to render a valid personal judgment

20  against a nonresident defendant.'"  *Bristol-Myers*, 137 S. Ct. at 1779 (quoting *Goodyear Dunlop*

21  *Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011), and *World-Wide Volkswagen Corp. v.*

22  *Woodson*, 444 U.S. 286, 291 (1980)).  The Due Process Clause requires plaintiffs to establish this

23  Court has either "general or all-purpose jurisdiction, [or] specific or case-linked jurisdiction," over

24  each defendant.  *Goodyear*, 564 U.S. at 919.  "A court with general jurisdiction may hear *any*

25  claim against that defendant, even if all the incidents underlying the claim occurred in a different

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 3
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

State." *Bristol-Myers*, 137 S. Ct. at 1780 (emphasis in original).  For that reason, "'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "To exercise specific jurisdiction," on the other hand, "'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'"  *Id.* (quoting *Daimler*, 571 U.S. at 127)).  "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear*, 564 U.S. at 919).

To determine whether due process is satisfied, "each party's 'contacts with the forum [s]tate must be assessed individually.'"  *In re Boon Global Ltd.*, 923 F.3d at, 651 (quoting *Calder v. Jones*, 465 U.S. 783, 790 (1984)); *see also Walden v. Fiore*, 571 U.S. 277, 286 (2014) ("[A] defendant's relationship with a plaintiff, or third party, standing alone, is an insufficient basis for jurisdiction.").

## III.  ARGUMENT

Plaintiffs have not met their burden to establish either general or specific jurisdiction over any Defendant, much less all three.  But the Court need not reach that issue because Plaintiffs only claim the Court has personal jurisdiction under an inapplicable provision of RICO.

### A.   The SAC Should Be Dismissed Because Plaintiffs' Asserted Basis for Personal Jurisdiction in This Case Is Invalid

The only contention Plaintiffs offer for asserting personal jurisdiction over Defendants is in paragraph 11 of the SAC, where they claim "[t]his Court has personal jurisdiction over defendants under 18 U.S.C. § 1965(d) because Defendants are found, have agents, and transact substantial business in this District."  Section 1965(d) states: "All other process in any action or proceeding *under this chapter* may be served on any person in any judicial district in which such person resides, is found, has an agent, or transacts his affairs."  (Emphasis added.)  The chapter in

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 4
CASE NO. 2:22-cv-00665-RSL

134645.0001/9161810.1

1  which this provision is found is RICO, which begins at 18 U.S.C. § 1961.  Hence, section 1965(d)

2  applies only to RICO claims and is inapplicable here, where Plaintiffs do not plead a RICO claim.

3      Moreover, courts in this Circuit have pointed out that, even in RICO cases, section 1965(d)

4  does not confer personal jurisdiction.  *See Doe v. Walmart Inc.*, 2019 U.S. Dist. LEXIS 21975, at

5  *20 (N.D. Cal. Feb. 8, 2019) ("no court has found that these statutory provisions [i.e., 18 U.S.C. §

6  1965(a) and (d)] confer jurisdiction"); *Bray v. Kendall*, 2010 U.S. Dist. LEXIS 281, at *7-*12

7  (N.D. Cal. Jan. 5, 2010); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535,

8  539 (9th Cir. 1986) (court must have "personal jurisdiction over at least one of the participants in

9  [an] alleged multidistrict [RICO] conspiracy and the plaintiff must show that there is no other

10  district in which a court will have personal jurisdiction over all of the alleged co-conspirators").

11      In sum, because Plaintiffs rely solely on this inapplicable RICO statute as their basis for

12  alleging personal jurisdiction over Defendants, the SAC should be dismissed.  Even if the Court

13  were to go beyond Plaintiffs' asserted basis for personal jurisdiction, however, the result should

14  be the same, as explained below.

15  **B.  The Court Cannot Exercise General Jurisdiction over Defendants Because They Are Not "Essentially At Home" in Washington**

16      Under the Due Process Clause of the U.S. Constitution, general jurisdiction is proper "only

17  when the corporation's affiliations with the State in which suit is brought are so constant and

18  pervasive as to render it essentially at home in the forum State."  *Daimler*, 571 U.S. at 122

19  (punctuation and citations omitted).  For a corporation, this almost always means it is subject to

20  general jurisdiction only in its "place of incorporation and principal place of business."  *Id*. at 137,

21  139; *AM Tr. v. UBS AG*, 681 Fed. App'x 587, 588 (9th Cir. 2017) ("[A] corporation is typically

22  subject to general personal jurisdiction only in a forum where it is incorporated or where it

23  maintains its principal place of business.").  "Only in an 'exceptional case' will general jurisdiction

24  be available anywhere else."  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

25  This is "an exacting standard, as it should be, because a finding of general jurisdiction permits a

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 5
CASE NO. 2:22-cv-00665-RSL

1   defendant to be haled into court in the forum state to answer for any of its activities anywhere in

2   the world." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 801 (9th Cir. 2004).

3          Plaintiffs do not allege any of the Defendants are incorporated or have their principal places

4   of business in Washington.  Rather, Plaintiffs acknowledge MBUSA's headquarters are in Sandy

5   Springs, Georgia, and it is a Delaware limited liability company.  SAC ¶ 67; Gunther Decl. ¶ 2.

6   Plaintiffs also acknowledge that the other two Defendants are both German *Aktiengesellschaft*

7   (public stock companies) based in Stuttgart, Germany.  SAC ¶¶ 69, 71.  None of the Defendants

8   are "essentially at home" in Washington, so courts in Washington may not assert general

9   jurisdiction over any of them.  *See, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558-59 (2017)

10  (Montana court lacked general jurisdiction over defendant railroad that had more than 2,000 miles

11  of track in Montana and employed more than 2,000 persons in that state); *Goodyear*, 564 U.S. at

12  930 n.6 ("even regularly occurring sales of a product in a State do not justify the exercise of

13  jurisdiction over a claim unrelated to those sales").

**C.     The Court Cannot Exercise Specific Jurisdiction Because Plaintiffs' Claims Do Not
14        Have a Substantial Connection to Any Defendant's Contacts with Washington**

15         In the absence of general jurisdiction, a state court's authority to bind non-resident

16  defendants "focuses on the relationship among the defendant, the forum, and the litigation."  *Axiom*

17  *Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Walden*, 134 S.

18  Ct. at 1121).  "Specifically, 'the defendant's suit-related conduct must create a substantial

19  connection with the forum State.'"  *Id.* (quoting *Bristol-Myers*, 137 S. Ct. at 1780).  Further, the

20  Supreme Court has made clear that where "[t]he relevant plaintiffs are not residents" of the state

21  in which the action is brought "and do not claim to have suffered harm in that State," there can be

22  no personal jurisdiction because "the conduct giving rise to the nonresidents' claims occurred

23  elsewhere."  *Bristol-Myers*, 137 S. Ct. at 1782.

24         Here, Plaintiffs have failed to meet their burden to establish specific jurisdiction as to any

25  defendant for two separate reasons.  First, Plaintiffs have failed to allege sufficient facts to establish

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 6
CASE NO. 2:22-cv-00665-RSL

134645.0001/9161810.1

that any Defendant has minimum contacts with Washington out of which any Plaintiff's claims arose.  Second, the non-Washington Plaintiffs' claims are clearly barred by *Bristol-Myers*.

### 1. Plaintiffs Do Not Allege Sufficient Facts to Establish Specific Jurisdiction Over Defendants in Washington as to Any of Their Claims

For the exercise of specific jurisdiction to comport with due process, a three-prong test must be satisfied with respect to each claim against each Defendant individually:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.  The Plaintiff bears the initial burden of establishing the first two prongs.  *Id.*  If the Plaintiff fails to satisfy either of these prongs with respect to any given claim or any given Defendant, the Court may not assert specific jurisdiction over that Defendant. *Id.*  Even if the first two prongs are established, however, jurisdiction should not be asserted if it would be unreasonable on the facts of the case.  *Id.*  Proving this is Defendants' burden.  *Id.*

The Court need not reach the third prong here, however, because Plaintiffs cannot meet their threshold burden to satisfy the first two prongs as to any Defendant.  The claims at issue have various elements, but the gist of them all is that Plaintiffs' vehicles are defective but were knowingly sold and marketed as though they were not.  Even assuming Plaintiffs can establish one or more Defendants had purposeful contacts with Washington – and Plaintiffs cannot even meet this prong for the two German Defendants – Plaintiffs do not allege their claims arise out of or relate to those contacts.[1]  Specifically, no Plaintiff alleges he or she purchased a Class Vehicle in

---

[1] Although U.S. company MBUSA is registered to do business in Washington, neither of the German companies are so registered or otherwise have "purposeful" contacts with Washington.  As Plaintiffs note, MBAG manufactures Mercedes-Benz vehicles, with MBG as its parent company.  SAC ¶¶ 67, 69.  But those vehicles are imported into and distributed in the U.S. by MBUSA.  *Id.* ¶¶ 70, 71; Gunther Decl. ¶ 3.  As the Ninth Circuit has recently reiterated: "Placing 'a product into the stream of commerce' even if the Defendant is aware 'that the stream of commerce may or will sweep the product into the forum state' . . . 'does not convert the mere act of placing the product into the stream of commerce into an act'

Washington; viewed, heard, or received any allegedly misleading communication in the state; or received any repair or service in Washington.

Even Plaintiff Maadanian, the sole Plaintiff to allege Washington residence, does not allege any Defendant entered into any transaction with him, or communicated anything to him, in Washington.  He does not allege he purchased his vehicle in Washington.  He alleges only that, one time, in connection with the brake booster issue, he "called his local Mercedes dealership" (SAC ¶ 13), but he does not identify the dealership, or its location, or its relationship to Defendants.

Even if the dealership was in Washington and was one with which any Defendant had a relationship, Defendants do not operate the dealerships.  Gunther Decl. ¶¶ 3, 4.  As courts have recognized, specific jurisdiction over MBUSA cannot be premised on its relationship with in-state dealerships where "any repairs were made by the independently owned and operated authorized dealer and not by MBUSA." *Dupree v. Mercedes-Benz USA, LLC*, 2019 U.S. Dist. LEXIS 225254, at *12 (W.D. La. Dec. 26, 2019), *report and recommendation adopted*, 2020 U.S. Dist. LEXIS 9220 (W.D. La. Jan. 16, 2020); *Arias v. Mercedes-Benz USA, LLC*, 2021 U.S. Dist. LEXIS 63082, at *11 (M.D. La. Mar. 30, 2021) (finding no specific jurisdiction where "Defendant provides service and technical information to the independent Louisiana dealerships by periodically issuing technical and dealer bulletins" but "does not directly make warranty repairs to" vehicles in the state); *see also Gaillet v. Ford Motor Co.*, 2017 U.S. Dist. LEXIS 67234, at *2-3 (E.D. Mich. May 3, 2017) (no personal jurisdiction over Ford Motor Co. where Ford did not "directly service its vehicles in Mississippi," notwithstanding that it "provide[d] service and technical information to Mississippi dealerships").  Thus, whatever interaction Mr. Maadanian alleges he had with a "local Mercedes dealer" is not sufficient to confer personal jurisdiction over any Defendant with respect to his claims.

---

of purposeful availment." *LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F.4th 852, 860 (9th Cir. 2022) (quoting *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)).

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 8
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

1     Notably, Mr. Maadanian does not claim to have contacted MBUSA directly about his brake

2   booster issue.  Had he done so, MBUSA would have informed him it would pay for a rental car,

3   and that it would provide for towing to an authorized dealership for inspection.  Gunther Decl. ¶

4   6.  Hence, even assuming Maadanian incurred such out-of-pocket expenses in Washington, or was

5   denied towing by a dealership, his alleged loss was not caused by anything MBUSA did – in

6   Washington or anywhere else.

7     Finally, because plaintiffs have not carried their burden to establish the first two prongs of

8   the minimum contacts analysis, the Court need not consider the third prong, whether exercise of

9   jurisdiction would be reasonable.  But that analysis, too, undermines the exercise of personal

10  jurisdiction in this case.  The Ninth Circuit has articulated seven factors to be considered in

11  determining reasonableness: "(1) the extent of the defendants' purposeful interjection into the

12  forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of

13  conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating

14  the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the

15  forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

16  alternative forum." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

17  The majority of these factors weigh decisively against jurisdiction.

18    The burden of defending in Washington is significant for MBUSA, which resides in

19  Georgia, and even greater for MBAG and MBG, which reside in Germany.  Likewise, the conflict

20  of sovereigns is significant; Plaintiffs bring a dizzying array of claims under the laws of other

21  states, which have far more interest in administering and interpreting those laws than Washington

22  does, especially where their own citizens are concerned.  Conversely, Washington has little interest

23  in adjudicating a case with vague, nationwide allegations not concretely tethered to incidents or

24  transactions in Washington.  The forum itself is not particularly important to Plaintiffs' interests,

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 9
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

especially given only one of 26 Plaintiffs claim to live in Washington, and, in any event, there are alternative fora.

In sum, there is no specific personal jurisdiction because Plaintiffs do not allege any claims arising out of or related to any contacts by Defendants with Washington, and the assertion of jurisdiction would be unreasonable in any event.  The Court should dismiss the entire SAC.

## 2.  The Non-Washington Plaintiffs' Claims Should Be Dismissed Under *Bristol-Meyers*

The Supreme Court made clear in *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), that this Court lacks specific personal jurisdiction over defendants as to claims of the 25 Plaintiffs who do not allege a connection to Washington, even assuming Defendants themselves have Washington contacts.  Specific jurisdiction requires "a connection between the forum and the specific claims at issue."  *Id*. at 1781.  That connection clearly does not exist here between Washington and the claims of the non-Washington Plaintiffs.

*Bristol-Myers* involved claims brought against drug-maker Bristol-Myers Squibb ("BMS") in California, alleging BMS's blood-thinner drug Plavix was defective and caused injury.  BMS moved to dismiss many of the plaintiffs' claims for lack of personal jurisdiction because those plaintiffs could not establish their injuries were caused by anything BMS had done in California. *Id*. at 1778.  Rejecting BMS's argument, the California Supreme Court applied a "sliding scale approach to specific jurisdiction," in which it held that "the more wide ranging the defendant's forum contacts, the more readily is shown a connection between the forum contacts and the claim." Thus, the California Supreme Court found BMS's "extensive contacts with California" – including five research and laboratory facilities, 160 research employees, 250 sales representatives, and a state government advocacy office – allowed the trial court to exercise specific jurisdiction over BMS even though there was no connection between those California activities and the individual plaintiffs' claims. *Id*. at 1778-79.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    The U.S. Supreme Court reversed, holding BMS could not be subject to specific

2    jurisdiction in California with respect to the non-California plaintiffs' claims.  The Court explained

3    that the "'primary concern' is 'the burden on the defendant.'"  *Id.* at 1780 (quoting *World-Wide*

4    *Volkswagen*, 444 U.S. at 292).  This "burden" is not a matter of mere inconvenience, but is rather

5    a fundamental due process concern: "restrictions on personal jurisdiction . . . 'are a consequence

6    of territorial limitations on the power of the respective States.'"  *Id.* (quoting *Hanson v. Denckla*,

7    357 U.S. 235, 251 (1958)).  For a court to exercise specific personal jurisdiction, there *must* be a

8    connection between the defendant, the forum, and the underlying claims.  "When there is no such

9    connection, specific jurisdiction is lacking *regardless of the extent of a defendant's unconnected*

10   *activities in the State.*"  *Id.* at 1781 (emphasis added).  The Supreme Court thus rejected

11   California's "sliding scale approach," which, the Court remarked, "resembles a loose and spurious

12   form of *general* jurisdiction."  *Id.* (emphasis added).  BMS's forum contacts that did not cause the

13   plaintiffs' specific claims were not "sufficient – or even relevant" – to the specific jurisdiction

14   analysis.  *Id.* at 1782.

15       Here, only one named Plaintiff – Maadanian – alleges he resides in Washington.  SAC ¶

16   13.  No other Plaintiff alleges any connection whatsoever with Washington.  *See id*. ¶¶ 15-66.

17   Thus, the only nexus between those Plaintiffs' claims and Washington is that those Plaintiffs

18   allegedly experienced the same injury as Maadanian.  Even assuming Maadanian experienced a

19   relevant injury in Washington, under *Bristol-Myers* such injury is an insufficient basis to assert

20   personal jurisdiction over Defendants with respect to the non-residents' claims.  Where "[t]he

21   relevant plaintiffs are not residents" of the state in which the action is brought "and do not claim

22   to have experienced harm in that State," there can be no personal jurisdiction over their claims

23   because "the conduct giving rise to the nonresidents' claims occurred elsewhere."  *Bristol-Myers*,

24   137 S. Ct. at 1782.

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 11
CASE NO. 2:22-cv-00665-RSL

134645.0001/9161810.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1    The Supreme Court's recent decision in *Ford Motor Co. v. Montana Eighth Judicial Dist.*
2    *Court*, 141 S. Ct. 1017 (2021), is not to the contrary.  While that decision found specific jurisdiction
3    over Ford Motor Company in two cases involving vehicles that were not manufactured or
4    originally sold in the forum states, the Court specifically distinguished *Bristol-Myers*.  The Court
5    explained that, while "Ford sold the specific products in other States, as Bristol-Myers Squibb
6    had . . . here, the plaintiffs are residents of the forum States.  They used the allegedly defective
7    products in the forum States.  And they suffered injuries when those products malfunctioned in the
8    forum States." *Id.* at 1031.  The Court expressly reaffirmed its holding in *Bristol-Myers* that there
9    is no specific jurisdiction where the forum "lack[s] any connection to the plaintiffs' claims," even
10   if the plaintiffs are all alleging the same defect in the same product.  *Id.* (noting the out-of-state
11   plaintiffs in *Bristol-Myers* were apparently "forum shopping").

12        It makes no difference that non-Washington plaintiffs bring their claims as a putative class
13   action in federal court because "the overwhelming majority of federal courts that have considered
14   it . . . across the country . . . have held that *Bristol-Myers* applies to claims brought by named
15   plaintiffs in class actions." *Goldstein v. General Motors LLC*, 445 F. Supp. 3d 1000, 1011-1012
16   (S.D. Cal. 2020) (citing numerous decisions).  As a result, courts have regularly dismissed the
17   claims of non-resident named plaintiffs in similar cases. *See also, e.g.*, *Spratley v. FCA US LLC*,
18   2017 U.S. Dist. LEXIS 147492, at *17-*22 (N.D.N.Y. Sept. 12, 2017) (dismissing for lack of
19   personal jurisdiction claims of named plaintiffs who neither resided in nor purchased their vehicles
20   in the forum state); *Gaines v. General Motors, LLC*, 2018 U.S. Dist. LEXIS 133019, at *6-*7 (S.D.
21   Cal. Aug. 7, 2018) (same).

22        This Court should therefore, at a minimum, dismiss the claims of the 25 non-Washington
23   named plaintiffs for lack of personal jurisdiction.

24

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 12
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

3.     **The Presence of a Third-Party Affiliate in Washington Does Not Subject Defendants to Personal Jurisdiction**

Plaintiffs seek to avoid dismissal by asserting that "MBG maintains a major office of its subsidiary, Mercedes-Benz Research & Development North America, Inc. ('MBRDNA')" in Seattle.  SAC ¶ 11.  As noted, Plaintiffs' claim that this creates jurisdiction under 18 U.S.C. § 1965(d) misses the mark completely.  *See supra* at 5-6.  Plaintiffs also try to bootstrap jurisdiction over the German defendants based on alleged U.S. activities of MBUSA, including its registration to do business in Washington.  SAC ¶ 72.  The existence of a subsidiary or affiliate in Washington, however, does not create the minimum contacts necessary to assert jurisdiction over any Defendant in this case, and conclusory allegations about the relationship among the various Defendants and with MBRDNA does not suffice to overcome this problem for Plaintiffs.

To begin with, "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum."  *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001); *accord Ranza v. Nike, Inc.*, 793 F.3d 1059, 1070 (9th Cir. 2015), *cert. denied*, 577 U.S. 1104 (2016); *Lee v. Abdel-Haq*, 2013 U.S. Dist. LEXIS 20260, at *13 (W.D. Wash. Feb. 14, 2013) ("Corporate entities are presumed to be separate, and the jurisdictional contacts of one sister or parent company will not be attributed to a related company absent some showing that they are not really separate entities.").  Plaintiffs do not deny that MBRDNA is a separate and distinct company, regardless of its ownership affiliation with Defendants.  *See also* Gunther Decl. ¶ 5.  Plaintiffs acknowledge MBUSA is a separate company based in Georgia.  SAC ¶ 71; *see also* Gunther Decl. ¶ 2.

Plaintiffs cannot manufacture jurisdiction with conclusory allegations that Defendants "directed the activities of MBRDNA" (*id.* ¶ 11) or did business "through" MBUSA.  *See id.* ¶¶ 70, 71.  Nor do conclusory allegations about "agency" or "alter ego" suffice.  *See id.* ¶ 73.  Jurisdiction cannot be established where, as here, the "complaint makes almost no factual allegations regarding

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 13
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

the nature of the [inter-corporate] relationship." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022 (9th Cir. 2017) (refusing to credit "conclusory" jurisdictional allegation that "Defendants . . . were the agents or employees of each other and were acting at all times within the course and scope of such agency and employment . . . and are legally responsible because of their relationship with their co-Defendants."); *accord Axiom Foods*, 874 F.3d at 1071 n.5 ("Assuming, without deciding, that an agency relationship between Acerchem International and Acerchem UK would be relevant to the existence of *specific* jurisdiction," plaintiffs "have not made a prima facie case for an agency relationship. . . . Nor have they spelled out an alter ego theory of liability allowing us to attribute the activities of the parent entity to the subsidiary."); *see also Ratha v. Phatthana Seafood Co., Ltd.*, 26 F.4th 1029, 1041-1042 (9th Cir. 2022) (rejecting arguments that U.S. distributor was "agent" and "alter ego" of foreign supplier, pointing out, among other things, "generally, [a] purchaser is not 'acting on behalf of' a supplier in a distribution relationship in which goods are purchased from the supplier for resale") (quoting *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1232 (9th Cir. 2013) and Restatement (Third) of Agency § 1.01 cmt. g (2006)); *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1191 (N.D. Cal. 2021) ("Plaintiffs' alter ego allegations consist of two sentences: 'CC-PA acted as the alter ego of CC-DG. CC-PA was so utterly controlled by CC-DG, directly and through CRMLP, that it effectively ceased to exist as a separate entity . . . .' These are the type of conclusory allegations that will not suffice."); *accord Lee*, 2013 U.S. Dist. LEXIS 20260, at *13.

Moreover, even if MBRDNA's activities in Washington could be imputed to any Defendant, or MBUSA's could be imputed to the German Defendants, Plaintiffs have a larger problem here: Plaintiffs do not allege either affiliate was involved in any act or transaction *in Washington* that caused their alleged injuries. Plaintiffs do not allege MBRDNA manufactured, sold, marketed, or otherwise had any involvement with plaintiffs' vehicles in Washington – or that MBRDNA interacted with any plaintiffs or their vehicles in any way. In fact, MBRDNA had no

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 14
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1

1    involvement whatsoever with the brake boosters at issue – in Washington or anywhere else.

2    Gunther Decl. ¶ 6.  Nor is MBRDNA "essentially at home" in Washington; it is a Delaware

3    corporation with its principal place of business in California.  *Id.*  Indeed, Plaintiffs acknowledge

4    MBRDNA has multiple offices in the United States.  *See* SAC ¶ 11 (characterizing Seattle office

5    as "major office" of MBRDNA).  *See also Kastigar v. Mercedes-Benz USA, LLC*, 2022 U.S. Dist.

6    LEXIS 69714 (D. Ariz. Apr. 14, 2022) (finding no specific jurisdiction over MBRDNA for lack

7    of relevant contacts with Arizona, even though it had an office there), *report and recommendation*

8    *adopted*, 2022 U.S. Dist. LEXIS 116910 (D. Ariz. June 30, 2022).  As noted *supra*, Plaintiffs

9    similarly fail to connect any specific Washington contact of MBUSA to their claims.

10          Jurisdiction cannot be founded on the in-state activities of a third party that never carried

11    out any activity in Washington related to the claims at hand.  *See Bristol-Myers*, 137 S. Ct. at 1783

12    (that BMS contracted with McKesson, a California company, to distribute Plavix nationally

13    irrelevant to jurisdictional analysis because "it is not alleged that BMS engaged in relevant acts

14    together with McKesson in California").

15                                          **CONCLUSION**

16          The SAC places all of its jurisdictional marbles on a provision in a RICO statute that has

17    no applicability to this lawsuit.  It should be dismissed for that reason alone.  Even if Plaintiffs can

18    surmount that hurdle, they have failed to allege facts sufficient to show this Court has either general

19    or specific personal jurisdiction over any Defendant satisfying the Due Process Clause of the

20    United States Constitution.  No Defendant is "essentially at home" in Washington, so the Court

21    does not have general jurisdiction over Defendants.  As to specific jurisdiction, Plaintiffs have not

22    alleged activities of Defendants in or directed at Washington that purportedly led to their claims.

23    Indeed, 25 of the 26 Plaintiffs allege *no relationship with Washington at all*, and for that reason

24    alone *Bristol-Myers* mandates dismissal of their claims.  For all these reasons, the Court should

25

26

1  dismiss the Second Amended Complaint pursuant to FRCP 12(b)(2) for lack of personal

2  jurisdiction.

3        DATED:  October 19, 2022

4                         LANE POWELL PC

5

6                      By    *s/Erin M. Wilson*
                              Erin M. Wilson, WSBA No. 42454

7                                wilsonem@lanepowell.com
                              *s/John S. Devlin III*

8                                John S. Devlin III, WSBA No. 23988
                              devlinj@lanepowell.com

9                                *s/Taylor Washburn*
                              Taylor Washburn, WSBA No. 51524

10                               washburnt@lanepowell.com
                              *s/Katie D. Bass*

11                               Katie D. Bass, WSBA No. 51369
                              bassk@lanepowell.com

12                               1420 Fifth Avenue, Suite 4200

13                               P O Box 91302
                              Seattle, WA  98111

14                               Telephone: 206-223-7000

15                               SQUIRE PATTON BOGGS (US) LLP

16                               Troy M. Yoshino, *Pro Hac Vice Pending*
                              Eric J. Knapp, *Pro Hac Vice Pending*

17                               troy.yoshino@squirepb.com
                              eric.knapp@squirepb.com

18                               475 Sansome St. 16th Floor
                              San Francisco, CA  94111

19                               Telephone: 415-964-0200

20                               Attorneys for Defendants Mercedes-Benz
                              USA, LLC, Mercedes-Benz

21                               Aktiengesellschaft, and Mercedes-Benz Group
                              Aktiengesellschaft

22

23

24

25

26

DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 16
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9161810.1