UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC., *et al.*, <br><br> Defendants. | Cause No. C22-0665RSL <br><br> ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |

This matter comes before the Court on "Defendants' Motion to Stay Discovery." Dkt. # 50. Having reviewed the memoranda and declaration submitted by the parties, as well as the underlying motion to dismiss, the Court finds as follows:

The Federal Rules of Civil Procedure impose clear duties to disclose that are triggered by certain, specified events. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). The rules do not provide an automatic stay of discovery if a motion to dismiss is filed: such motions are often unsuccessful and a stay could cause unnecessary and significant delays at the outset of the litigation. The Court nevertheless has discretion to stay discovery if defendants show that they are entitled to a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." *See Lazar v. Kroncke*, 862 F.3d 1186, 1203 (9th

ORDER DENYING DEFENDANTS' MOTION
FOR STAY AND PROTECTIVE ORDER  - 1

Cir. 2017) ("District court[] orders controlling discovery are reviewed for an abuse of discretion."). Defendants argue that it would be an undue burden to have to respond to discovery when their personal jurisdiction challenge will be largely successful and the scope of the remaining proceedings is unsettled.

The pending motion to dismiss asserts that plaintiffs' claims do not arise out of or relate to defendants' contacts with the State of Washington, and the Court therefore does not have personal jurisdiction over any of the defendants. Plaintiffs admit that the claims of 25 of the 26 named plaintiffs have insufficient connection with Washington to justify the exercise of jurisdiction over those claims and seem to concede that the two foreign defendants cannot be haled into court here. A brief review of the moving papers suggest that defendants raise "a real question whether" the vast majority of plaintiffs' claims will survive. *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). Responding to discovery regarding claims or entities that are likely to be dismissed would undoubtedly cause defendants unnecessary burden and expense.

Such a showing is only half of the analysis, however. To determine whether the expense and burden of discovery is "undue" and therefore justifies a protective order, the Court must also consider whether plaintiffs will be prejudiced if a stay is ordered. *Id.* Plaintiffs do not argue that the discovery they intend to serve is necessary to respond to the motion to dismiss, nor are there any case management deadlines approaching. This case is in its initial stages, and plaintiffs are currently evaluating their options for protecting the rights and claims of the 25 plaintiffs who will be removed from the case, which will involve the filing of a third amended complaint. While a delay of unknown length at the start of discovery is not ideal, the record does not reveal

ORDER DENYING DEFENDANTS' MOTION
FOR STAY AND PROTECTIVE ORDER  - 2

any prejudice that would result if the parties refrain from serving discovery until the proper parties and claims are identified.

In light of the significant likelihood that most of plaintiffs' claims will be dismissed, defendants have shown that the burden and expense associated with engaging in discovery at this point would be undue. For all of the foregoing reasons, defendants' motion (Dkt. # 50) is GRANTED. Discovery in the above-captioned matter is hereby STAYED until the Court resolves the jurisdictional issues raised by defendants.

Dated this 5th day of December, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge