The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN, LEONARDO CACHO, RUBEN CHARLES, CARL CLARK, LINDA CREA, SR., BRANDON DUELING, ROXIE HARRIS, WENDER JEUDY, WANDA JONES, SEAN K. LEE, TINA MARIE, LETITIA MATTHEWS, ROBERT MCCUMSEY, RULESHA MCKINNEY, BIANCA ORTIZ, FRANCY DIAZ PEREZ, JAMES POWELL, ANTHONY PYLES, ELLERY RICHARD, JEFFREY ROBINSON, MARCIO SINELLI, THOMAS STEFANOPOULOS, BETTY WALTON, JENNIFER WALKER, HUEY WILLIAMS, and ANTONIO WYNN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, MERCEDES-BENZ AKTIENGESELLSCHAFT, and MERCEDES-BENZ GROUP AKTIENGESELLSCHAFT,<br><br>Defendants. | Case NO.   2:22-cv-00665-RSL<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MERCEDES-BENZ USA, LLC, MERCEDES-BENZ GROUP AG, AND MERCEDES-BENZ AG'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION (FRCP RULE 12(B)(2))**<br><br>**NOTED ON MOTION CALENDAR: JANUARY 13, 2023**<br><br>ORAL ARGUMENT REQUESTED |

REPLY ISO DEFENDANTS' MOT. TO DISMISS
FOR LACK OF PERSONAL JURISDICTION
CASE NO. 2:22-cv-00665-RSL

134645.0001/9240767.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1095019297\4\AMERICAS

# INTRODUCTION

In responding to Defendants' Motion to Stay Discovery, Plaintiffs "agreed" this Court lacks personal jurisdiction over the claims of the 25 non-Washington plaintiffs. Dkt. 52 at 1:18-20. *Bristol-Myers Squibb v. Superior Ct. of Cal.* mandates dismissal of those claims because they do not "arise out of or relate to" any purposeful contacts by the Defendants with Washington. 137 S. Ct. 1773, 1781-82 (2017). Plaintiffs cannot back away from this admission. They only waste the Court's and Defendants' time by filing a bloated brief aimed largely at straw man targets and defying the authority that made them concede "the non-Washington Plaintiffs' claims cannot be litigated in Washington." Dkt. 52 at 1:18-20. In trying to renege on this admission, Plaintiffs rely mainly on a handful of district court decisions applying pendant party personal jurisdiction, failing to acknowledge that even those cases are inapposite on these facts.

Why have they done this? The answer is found in Federal Rule of Civil Procedure 41. Plaintiffs are wasting this Court's time and resources to try for an involuntary dismissal without prejudice solely to avoid the consequences of Rule 41(1)(B), which states: "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Some of the Plaintiffs have previously dismissed these same claims in other actions and then filed them again in this Court, even though Plaintiffs admit that this Court lacks jurisdiction over those claims. Remorse over an ill-advised strategy is not a sufficient reason to waste this Court's time. Thus, the claims now should be dismissed with prejudice.

The lone Washington plaintiff, Mr. Maadanian, has not met the requirements of Rule 8(a)(1) because his "short and plain statement of the grounds for the court's jurisdiction" relies only on an inapposite provision of RICO—a statute that is not at issue in this case. To conserve the Court's resources, Defendants withdraw their other challenges to specific personal jurisdiction and do not seek a ruling on them. That is, Defendants proceed now with only their *Bristol-Myers* and RICO-related challenges, as well as the rebuttals in this brief.

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 1
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

**REPLY IN SUPPORT OF MOTION TO DISMISS**

**I.  THE NON-WASHINGTON CLAIMS MUST BE DISMISSED BASED BOTH ON PLAINTIFFS' CLEAR ADMISSION AND *BRISTOL-MYERS***

**A.  The Court Should Hold Plaintiffs to Their Clear Admission as to the Impact of *Bristol-Myers* on the Non-Washington Plaintiffs' Claims**

After reviewing Defendants' Motion to Dismiss, Plaintiffs admitted in briefing filed with the Court that "the non-Washington Plaintiffs' claims cannot be litigated in Washington." Dkt. 52 at 1:18-20.  They made this admission in responding to Defendants' Motion to Stay Discovery, and the Court acknowledged and apparently relied on that concession in granting that Motion, noting: "Plaintiffs admit that the claims of 25 of the 26 named plaintiffs have insufficient connection with Washington to justify the exercise of jurisdiction over those claims and seem to concede that the two foreign defendants cannot be haled into court here." Dkt. 54 at 2:9-11.  The Court explained that "[r]esponding to discovery regarding claims or entities that are likely to be dismissed would undoubtedly cause defendants unnecessary burden and expense." Dkt. 54 at 2:16-17.

The Court may consider statements in a brief to be binding admissions of the party making them. *See, e.g.*, *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988).  Such binding judicial admissions can include statements establishing or denying jurisdiction. *See, e.g.*, *Hosp. Mgmt., Inc. v. Preferred Contractors Ins. Co.*, 2022 WL 1022637, at *2 (D. Or. Mar. 31, 2022).  Thus, courts in the Ninth Circuit require parties to stand by their jurisdictional admissions.  *See, e.g.*, *Fadhliah v. Societe Air France*, 987 F. Supp. 2d 1057, 1069 (C.D. Cal. 2013) (plaintiffs bound by admission in pleading that they were Saudi citizens for purposes of jurisdiction under statute); *Manuel v. Melo-Macias*, 2015 WL 5562700, at *2 (D. Nev. Sept. 21, 2015) (defendant could not contradict statements in notice of removal regarding diversity of parties and validity of service "merely in an attempt to keep this Court's jurisdiction over the action").

Similarly here, the Court can and should hold Plaintiffs to their admission that the Court lacks personal jurisdiction over the claims of the 25 non-Washington Plaintiffs and dismiss those claims for that reason alone.

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 2
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

**B.    The Vast Majority of Federal Courts Agree That *Bristol-Myers* Applies to Named Plaintiffs in Class Actions**

Plaintiffs' admission made sense.  As discussed in the Motion, Dkt. 46 at 17, there is near-consensus among the federal courts that *Bristol-Myers* applies to *named* plaintiffs in a class action.  At least two Courts of Appeals hold that, after *Bristol-Myers*, "the named representatives [in a class action] must be able to demonstrate either general or specific personal jurisdiction." *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020); *Lyngaas v. Curaden AG*, 992 F.3d 412, 437 (6th Cir. 2021) (same).  Virtually all district court decisions are in accord.[1]

Trying to avoid this pervasive authority, Plaintiffs argue that *Bristol-Myers* does not apply to *unnamed*, i.e., putative class members.  Dkt. 55 at 28-29.  That argument attacks a "straw man," as only personal jurisdiction over the named plaintiffs is at issue at this stage.  *See Moser v. Benefytt, Inc.*, 8 F.4th 872 (9th Cir. 2021) (impact of *Bristol-Myers* on absent class members is issue for class certification).  As one scholar has put it, "[i]n contrast to the disagreements about unnamed class

---

[1]    To undermine any suggestion that the cases are not overwhelmingly in accord, in addition to the cases cited in the Motion, Dkt. 46 at 17, Defendants offer here some of the many other examples: *Bostick v. Gen. Motors, LLC*, 2020 WL 13283478, at *4 (C.D. Cal. July 22, 2020) (describing "emerging consensus" that *Bristol-Myers* applies to out-of-state named plaintiffs; finding no jurisdiction over such plaintiffs); *La Fosse v. Sanderson Farms, Inc.*, 2020 WL 3617786, at *4 (N.D. Cal. July 2, 2020) (following "the consensus" after *Bristol-Myers* and granting 12(b)(2) motion against non-California plaintiffs' claims); *Morrison v. Ross Stores, Inc.*, 2018 WL 5982006, at *4 (N.D. Cal. Nov. 14, 2018); *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018) ("Plaintiffs identify no authority where a court has determined that *Bristol-Myers* does not apply to a named plaintiff seeking to represent a statewide class of non-forum residents proceeding under non-forum law."); *Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *5 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 954 F.3d 492 (2d Cir. 2020) ("Under the reasoning of *Bristol-Myers*, each named plaintiff in a purported class action must show that in-state contacts specific to their claim give rise to specific jurisdiction over an out-of-state defendant."); *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 235 (S.D.N.Y. 2020); *Molock v. Whole Foods Mkt., Inc.*, 297 F. Supp. 3d 114, 124–25 (D.D.C. 2018); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 56–57 (D. Mass. 2018) ("District courts generally have extended the specific jurisdiction principles articulated in *Bristol-Myers* to the analysis of personal jurisdiction over named plaintiffs in federal class actions."); *Lee v. Branch Banking & Tr. Co.*, 2018 WL 5633995, at *4, n.1 (S.D. Fla. Oct. 31, 2018) ("due process considerations explained by the Supreme Court in *Bristol-Myers Squibb*" require dismissal of out-of-state plaintiffs); *Chernus v. Logitech, Inc.*, 2018 WL 1981481, at *6 (D.N.J. Apr. 27, 2018); *Dyson v. Bayer Corp.*, 2018 WL 534375, at *4 (E.D. Mo. Jan. 24, 2018) (allegations that "defendants worked on regulatory approval" and product marketing campaign in the state did not provide the necessary connection to the state under *Bristol-Myers* where "plaintiffs did not see marketing in Missouri, were not prescribed Essure in Missouri, did not purchase Essure in Missouri, and were not injured by Essure in Missouri"); *LDGP, LLC v. Cynosure, Inc.*, 2018 WL 439122, at *3 (N.D. Ill. Jan. 16, 2018) (citing *Bristol-Myers* to hold court had no jurisdiction over non-resident plaintiffs where "the events that [led] to the nonresidents' claims took place outside of Illinois"); *Turner v. Boehringer Ingelheim Pharms., Inc.*, 2017 WL 3310696, at *3 (E.D. Mo. Aug. 3, 2017) (citing *Bristol-Myers*, court "lack[ed] personal jurisdiction over Defendants with respect to the claims of the Non-Missouri Plaintiffs, who ha[d] not alleged that they were prescribed, purchased, ingested, or were injured by Pradaxa in Missouri").

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 3
CASE NO. 2:22-cv-00665-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

members, there is a general consensus that the requirements of personal jurisdiction, including those articulated in [*Bristol-Myers*], apply to named plaintiffs wherever they bring their case." Daniel Wilf-Townsend, *Did Bristol-Myers Squibb Kill the Nationwide Class Action?*, 129 Yale L.J. Forum 205, 219 (2019); 1 McLaughlin on Class Actions § 2:44 (19th ed.) ("[T]here is consensus that *Bristol-Myers'* personal jurisdiction holding applies to the named plaintiffs in a putative class action.").

This consensus is not surprising. Among other reasons, under the Rules Enabling Act, the Federal Rules of Civil Procedure cannot "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). This includes Rule 23. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011); *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1156 (9th Cir. 2016). "Under the Rules Enabling Act, a defendant's due process interest should be the same in the class context." *Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 861 (N.D. Ill. 2018); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) ("The constitutional requirements of due process do not wax and wane when the complaint is individual or on behalf of a class.").

### C. Plaintiffs' Pendant Personal Jurisdiction Argument Relies on Outlier Authority That Does Not Ultimately Help Them Here

Plaintiffs incorrectly claim that, even if the Court does not have personal jurisdiction over the non-Washington plaintiffs' claims, it may assert "pendent" personal jurisdiction over them. *See* Dkt. 55 at 28-30. Pendent personal jurisdiction "is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180–81 (9th Cir. 2004). Because the district court in *Action Embroidery* already had jurisdiction over the two plaintiffs' federal antitrust claims, which confer nationwide personal jurisdiction, *id.* at 1180, it could also exercise pendant jurisdiction over related claims brought by the same plaintiffs. *Id.* at 1181. Even if pendant

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 4
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

personal jurisdiction survived the 2017 decision in *Bristol-Myers*, which is questionable, Plaintiffs' own cases explain why the doctrine does not help them here.

Plaintiffs rely on four cases for the proposition that the pendent personal jurisdiction doctrine allows them to do an end-run around *Bristol-Myers* by applying the doctrine to plaintiffs who do not otherwise meet jurisdictional requirements: (1) *Sloan v. Gen. Motors LLC,* 287 F. Supp. 3d 840, 860 (N.D. Cal. 2018) ("*Sloan I*"); (2) *In re Bang Energy Drink Marketing Litig.*, 2020 WL 4458916, at *6 (N.D. Cal. Feb. 6, 2020); (3) *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118, 1172-73 (S.D. Cal. 2018); and (4) *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *4 (N.D. Cal. Dec. 10, 2018) ("*Allen I*"). *See* Dkt. 55 at 28-30. These decisions rely heavily on the Supreme Court's statement in *Bristol-Myers* that "since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." 137 S. Ct. at 1784. Plaintiffs' discussion of these cases leaves out key information that makes such authorities inapposite here.

First, as a Southern District of Florida decision pointed out in 2021: "So far as this Court is aware, *no* federal circuit court of appeals has adopted this pendent-*party* variety of personal jurisdiction. And the Plaintiffs—who bear the burden of establishing this Court's jurisdiction—never suggest otherwise." *Carter v. Ford Motor Co.*, 2021 WL 1165248, at *9 (S.D. Fla. Mar. 26, 2021) (emphases in original). Defendants have likewise found no case in which any of the Courts of Appeals have approved the exercise of jurisdiction over named plaintiffs who do not otherwise establish jurisdiction for themselves. Rather, at least one Circuit has affirmatively held that pendent personal jurisdiction over additional named plaintiffs in a class action is ***not*** available. *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 401 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2777 (2022) ("If pendent party personal jurisdiction exists, *Bristol-Myers* should have come out the other way.").

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 5
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

Second, *In re Bang*, *In re Packaged Seafood*, and *Allen I* all rely on *Sloan I*. But *Sloan I* was reversed in a series of decisions over the two years following the decision Plaintiffs cite. In 2019, when the *Sloan* plaintiffs added an Ohio named plaintiff, the court re-examined *Bristol-Myers* and concluded that, at least where subject matter jurisdiction is premised on diversity, "nearly every court considering the issue has concluded pendent party jurisdiction cannot be exercised." *Sloan v. Gen. Motors LLC*, 2019 WL 6612221, at *9 (N.D. Cal. Dec. 5, 2019) ("*Sloan II*"). General Motors then asked the court to reconsider *Sloan I*, which it did in a published order citing *Sloan II*—concluding that there was "not a basis, under current law, to distinguish *Bristol-Myers*." *Sloan v. Gen. Motors LLC*, 438 F. Supp. 3d 1017, 1021 (N.D. Cal. 2020) ("*Sloan III*"). Shortly thereafter, the court summarized its reversal of *Sloan I* as having "followed 'the growing weight of authority.'" *Sloan v. Gen. Motors LLC*, 2020 WL 1955643, at *4 (N.D. Cal. Apr. 23, 2020) ("*Sloan IV*") (citing *Sloan II* and *Sloan III*).[2] Plaintiffs, of course, did **not** cite the decisions reversing *Sloan I*.

The decision in *Allen* also was later reversed on reconsideration. *Allen v. Conagra Foods, Inc.*, 2019 WL 5191009, at *4 (N.D. Cal. Oct. 15, 2019) ("*Allen II*"). Although the court there ultimately based its reconsideration on plaintiffs' failure to certify a nationwide class, the court noted that it "questioned the merit of" any distinction between state and federal cases in applying *Bristol-Myers* and affirmed the principle that "each named plaintiff must satisfy the requirements of specific personal jurisdiction." *Id.* at *1-*2.

---

[2] The *Sloan* court was always aware it was on uneasy ground, even in *Sloan I*:

> Despite the broad language of *Action Embroidery*, it may be argued that the nexus between the claims in suit and the forum state *are typically more attenuated where a different non-resident plaintiff asserts the new claims* than when the same resident plaintiff asserts new claims. Applying pendent personal jurisdiction to such a plaintiff's claims therefore constitutes a factual extension of *Action Embroidery*; the calculus may differ, particularly *in light of Bristol–Myers' holding that a common nucleus of operative facts was not in and of itself sufficient* to justify the exercise of a state court's sovereign power over an out-of-state defendant. Thus, *it is by no means clear* whether *Action Embroidery*'s pendent personal jurisdiction doctrine extends categorically to claims brought by different plaintiffs.

287 F. Supp. 3d at 861 (emphasis added).

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 6
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

Plaintiffs also do **not** inform this Court of the reversal in *Allen*. Meanwhile, numerous cases—again, not cited by Plaintiffs—have declined to follow the initial *Sloan* and *Allen* decisions, finding them "unpersuasive" in light of *Bristol-Myers*.³

Third, Plaintiffs ignore that "[m]ost courts that have declined to apply *Bristol–Myers* to class actions have done so in part because of the presence of a federal claim." *Allen II*, 2019 WL 5191009, at *2, n.4. Indeed, pre-*Bristol-Myers* Supreme Court and Ninth Circuit explications of pendent jurisdiction emphasized the need for federal question jurisdiction over at least one claim. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991) ("Pendent jurisdiction exists where there is a *sufficiently substantial federal claim* to confer federal jurisdiction, and a common nucleus of operative fact between the state and federal claims.") (emphasis added). Notably, *Sloan II* ultimately determined that pendent personal jurisdiction was not proper because the only federal claim was a Magnuson-Moss Warranty Act ("MMWA") claim that was either invalid for lack of at least 100 named plaintiffs, *see* 15 U.S.C. § 2310(d)(3)(C), or, if it survived at all, survived only under CAFA's diversity jurisdiction, not as a federal question. 2019 WL 6612221 at *9-10.

---

³ *See, e.g.*, *Cullen v. Shutterfly Lifetouch, LLC*, 2021 WL 2000247, at *5 (N.D. Cal. May 19, 2021) (declining to exercise pendent personal jurisdiction, though noting *Sloan I*); *Vallarta v. United Airlines, Inc.*, 497 F. Supp. 3d 790, 801 (N.D. Cal. 2020) (citing reservations about "problematic dis-uniformity" between state and federal courts noted by *Allen*); *Connor v. Permanent Gen. Assurance Corp.*, 2021 WL 6135155, at *3 (S.D. Fla. Nov. 18, 2021) ("[S]uch cases are distinguishable or unpersuasive."); *Hartley v. Sig Sauer, Inc.*, 2019 WL 11639618, at *3 (W.D. Mo. Nov. 6, 2019) (declining to exercise pendent personal jurisdiction in part because of *Allen II*); *Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1230 (M.D. Fla. 2020) (finding *Sloan I*, *Allen I*, and *In Re Packaged Seafood* "inapplicable or unpersuasive"); *Wiggins v. Bank of Am., N. Am.*, 488 F. Supp. 3d 611, 625 (S.D. Ohio 2020) (considering *Sloan I* and *In Re Packaged Seafood*, but concluding "the precedent for applying pendent jurisdiction in diversity cases is weak at best" and declining to do so); *La Fosse v. Sanderson Farms, Inc.*, 2020 WL 3617786, at *4 (N.D. Cal. July 2, 2020) ("[T]he consensus articulated in *Sloan II* will be followed"); *Mey v. DIRECTV, LLC*, 2021 WL 6882423, at *5 (N.D.W. Va. Feb. 25, 2021) (declining to apply *Sloan I* in light of *Sloan II*; noting that *Action Embroidery* and other circuit-level cases "speak in terms of claims, not parties"); *Travers v. FedEx Corp.*, 584 F. Supp. 3d 1, 9 (E.D. Pa. 2022) (joining other courts in "finding these cases unpersuasive" because "we must establish general or specific jurisdiction over each named plaintiff in a class action"); *King v. Bumble Trading, Inc.*, 2020 WL 663741, at *6 (N.D. Cal. Feb. 11, 2020) (citing *Sloan II* in concluding that "the weight of authority weighs heavily against the exercise of pendent jurisdiction in a diversity case such as this one"); *Napoli-Bosse v. Gen. Motors LLC*, 453 F. Supp. 3d 536, 542 (D. Conn. 2020) (*Sloan I* not "persuasive" because it "did not consider the distinction between claims as to which personal jurisdiction stems from statutory authorization for nationwide service and those as to which personal jurisdiction stems from a state's long-arm statute"); *Almon v. Conduent Bus. Servs., LLC*, 2019 WL 13207564, at *6 n.6 (N.D. Ga. Aug. 9, 2019) ("The Court is not persuaded by Plaintiffs' reliance on *Sloan* [*I*.]").

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 7
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

The same is true here. The sole federal claim in the Second Amended Complaint ("SAC") is an MMWA claim, but there are fewer than 100 named plaintiffs. There is no valid federal question jurisdiction. Moreover, plaintiffs explicitly plead diversity, not federal question, as their basis for subject matter jurisdiction, *including over the MMWA claim*. Dkt. 41 (SAC) ¶ 10 ("This Court has . . . jurisdiction over the Magnuson-Moss Warranty Act claim by virtue of diversity jurisdiction being exercised under the Class Action Fairness Act[.]"). In the absence of any federal claim, there is no basis for pendent personal jurisdiction even under most outlier authority. *See, e.g.*, *Sloan II*, 2019 WL 6612221, at *10 (N.D. Cal. Dec. 5, 2019) (following "nearly every court considering the issue" to hold that "*Bristol-Myers* applies to federal courts sitting in diversity, and thus, pendent personal jurisdiction does not apply").

### D. Plaintiffs' Reliance on Pendant Party Personal Jurisdiction Is Misguided

*Bristol-Myers* makes plain that the key inquiry in evaluating the exercise of specific personal jurisdiction is where the "relevant conduct occurred." 137 S. Ct. at 1781–82. Where "all the conduct giving rise to the nonresidents' claims occurred elsewhere," there is no specific jurisdiction, even if the same "conduct affected plaintiffs with connections to the forum State." *Id.* If a defendant can be dragged into a forum to answer to claims unrelated to its contacts with the forum, there would be no need for the more exacting standard of general jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) ("[A] finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."); *cf., e.g.*, Dkt. 52 at 5:2-3 (Plaintiffs admitting they "did not allege" "general jurisdiction" for any Defendant in this case).

Nor are federalism concerns absent simply because a case is in federal court. For one thing, "[w]here, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits," regardless of whether a federal claim is involved. *Id.* at 800. Thus, state law is inherently involved. "As a result, *Bristol-Myers* imposes an *indirect* bar on federal courts' exercise of pendent personal jurisdiction in diversity

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 8
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

cases like this one." *Muir v. Nature's Bounty (DE), Inc.*, 2018 WL 3647115, at *4 (N.D. Ill. Aug. 1, 2018); *see also Napoli-Bosse*, 453 F. Supp. 3d at 542 (criticizing *Sloan I* because it "did not consider the distinction between claims as to which personal jurisdiction stems from statutory authorization for nationwide service and those as to which personal jurisdiction stems from a state's long-arm statute").

Moreover, "personal jurisdiction is not just about federalism. A vital purpose of personal-jurisdiction standards is to ensure fairness to the defendant . . . . In federal and state courts alike, defendants should face suit only under fair circumstances." *Livnat v. Palestinian Auth.*, 851 F.3d 45, 55 (D.C. Cir. 2017). It is improper to drag a defendant into court to defend against claims by plaintiffs whose claims have no connection to the forum. *See Ford Motor Co. v. Montana Eighth Judicial Dist.*, 141 S. Ct. 1017, 1031 (2021) (reaffirming holding of *Bristol-Myers* and noting that "the plaintiffs were engaged in forum-shopping—suing in California because it was thought plaintiff-friendly, even though their cases had no tie to the State").

Finally, *Bristol-Myers* squarely rejected arguments based on convenience and efficiency. Rules of personal jurisdiction must be applied consistently even "if the defendant would suffer minimal or no inconvenience from being forced to litigate" in the forum State, and even "if the forum State is the most convenient location for litigation." 137 S. Ct. at 1780–81 (quoting *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 294 (1980)). This undermines Plaintiffs' repeated refrain that the 25 non-Washington plaintiffs' claims would be most efficiently heard with the one Washington plaintiff's claim in this Court. *Cf., e.g.*, Dkt. 55 at 21-22 (bemoaning the possibility of "piecemeal, duplicative, and conflicting litigation").

## II.    RULE 8 REQUIRES A "SHORT AND PLAIN STATEMENT OF THE GROUNDS" FOR PERSONAL JURISDICTION; BECAUSE PLAINTIFFS ONLY PLED RICO, THEIR CLAIMS MUST BE DISMISSED

"[T]hough the district court has an obligation to determine whether jurisdiction is proper, it is the *plaintiff's* obligation to establish that the Court has personal jurisdiction over a defendant." *Columbia Pictures Indus., Inc. v. Galindo*, 2022 WL 17094713, at *4 (C.D. Cal. Nov. 18, 2022)

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 9
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

(citation omitted) (emphasis in original).  Plaintiffs incorrectly argue that their pleading of the RICO statute as the sole basis for personal jurisdiction does not matter, or should be excused, because they were not required to plead a statutory basis in the first place.  *Cf., e.g.*, Dkt. 52 at 1:6-8 (admitting that citing a "correct basis" for personal jurisdiction is "certainly the better practice" and further admitting "an oversight here" in citing the RICO statute).

Expressly pleading a meritless basis for jurisdiction—as Plaintiffs have done here—fails to provide a "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  Failure to satisfy that requirement as to personal jurisdiction is grounds for dismissal. *See, e.g.*, *Galindo*, 2022 WL 17094713 at *4; *Hackett v. Red Guahan Bus*, 2016 WL 1445212, at *2 (D. Haw. Mar. 22, 2016); *Russell v. Pappas*, 2014 WL 3002183, at *3 (D. Nev. June 30, 2014). The liberal pleading standard of Rule 8 does not "give a court license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The case law recognizes a difference between not citing a specific statute (as in Plaintiffs' inapposite authorities) and what Plaintiffs did here—i.e., specifically pleading an insufficient basis for personal jurisdiction.  The latter alleges an actual theory of jurisdiction that Plaintiffs require the Court (and Defendants) to entertain.  "Although a plaintiff is not required to allege a particular legal theory," the Court is not "obligated to comb through a complaint to find the elements of a claim under an alternative legal theory when a plaintiff has expressly alleged the legal basis for his claim." *Harris v. JAT Trucking of Illinois, Inc.*, 2008 WL 2557457, at *4 (C.D. Ill. June 23, 2008); *Edward v. Bank of Am., N.A.*, 2012 WL 4327073, at *4 (N.D. Ga. Aug. 2, 2012) ("[T]his Court has no duty to search Plaintiffs' Complaint and try to . . . guess the legal theory upon which Plaintiffs are relying.").

Plaintiffs tried to establish personal jurisdiction based on RICO alone—and failed.  Dkt. 41 (SAC) ¶ 11.  Because of this and the other arguments cited in this brief, the entire complaint should now be dismissed.

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR
LACK OF PERSONAL JURISDICTION - 10
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

### III. IN LIGHT OF THEIR ADMISSION AND INAPPOSITE RELIANCE ON RICO, PLAINTIFFS DO NOT IDENTIFY ANY REASONABLE BASIS FOR COMPELLING DISCOVERY

In an improper effort to avoid immediate dismissal of the 25 non-Washington plaintiffs' claims, Plaintiffs ask for "jurisdictional discovery to allow Plaintiffs to explore the connection of Washington to the underlying controversy." Dkt. 55 at 31. Such discovery is not appropriate where a plaintiff, faced with sworn affidavits, has not provided evidence demonstrating that discovery is likely to show jurisdiction exists. "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery[.]" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006); *see also Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 69 (9th Cir. 2021) (affirming district court's denial of "a fishing expedition in search of a jurisdictional hook"); *Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012) (citing cases in this Circuit requiring a "colorable basis" for personal jurisdiction before granting jurisdictional discovery).

Here, Plaintiffs' attempts to justify discovery do not show a "colorable basis" for personal jurisdiction. Most significantly, as discussed above, Plaintiffs already "agree" there is no basis for personal jurisdiction over almost all of the Plaintiffs' claims. *See* Dkt. 52 at 1:18-20. Plaintiffs also pled only an inapposite provision of RICO that does not give rise to personal jurisdiction in this case. *See* Section II, *supra*. Plaintiffs baselessly argue that their "sources reveal[] that Defendants have a research and development team in Washington that focuses on topics such as 'envisioning, . . . engineering, . . and certifying' Defendants' vehicles." Opp. at 23. The only "source" cited is the SAC, but the SAC does ***not*** actually allege facts showing MBRDNA—a separate entity in Washington—had any involvement with "envisioning, engineering, or certifying" vehicles in any way relevant to this lawsuit, and sworn testimony establishes that MBRDNA had nothing to do with brake boosters, which are the only feature involved in this lawsuit. Dkt. 47 at 2. Finally, Plaintiffs make an irrelevant claim that they "submitted evidence indicating that

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 11
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS

Mercedes substantially controls the activities of its dealerships." Dkt. 55 at 31. Defendants' relationship with Washington dealers cannot establish personal jurisdiction in Washington because the out-of-state plaintiffs do not allege they bought their vehicles from such dealers.

Plaintiffs are not *entitled* to jurisdictional discovery, especially after having already admitted there is no personal jurisdiction as to almost all Plaintiffs in the case.

## CONCLUSION

For the reasons set forth in Defendants' motion and above, the SAC should be dismissed with prejudice.

DATED: January 13, 2023

LANE POWELL PC

By: *s/Erin M. Wilson*
Erin M. Wilson, WSBA No. 42454
*s/John S. Devlin III*
John S. Devlin III, WSBA No. 23988
*s/Taylor Washburn*
Taylor Washburn, WSBA No. 51524
*s/Katie D. Bass*
Katie D. Bass, WSBA 51369
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
wilsonem@lanepowell.com
devlinj@lanepowell.com
washburnt@lanepowell.com
bassk@lanepowell.com

SQUIRE PATTON BOGGS (US) LLP
Troy M. Yoshino, *Admitted Pro Hac Vice*
Eric J. Knapp, *Admitted Pro Hac Vice*
troy.yoshino@squirepb.com
eric.knapp@squirepb.com
475 Sansome St. 16th Floor
San Francisco, CA 94111
Telephone: 415-964-0200

*Attorneys for Defendants Mercedes-Benz Group AG, Mercedes-Benz AG, and Mercedes-Benz USA, LLC*

REPLY ISO DEFENDANTS' MOT. TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 12
CASE NO. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9240767.1

1095019297\4\AMERICAS