UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC., *et al*.,<br><br>Defendants. | Cause No. C22-0665RSL<br><br>ORDER DENYING<br>DEFENDANTS' MOTION<br>TO DISMISS |

This matter comes before the Court on defendants' motion to dismiss plaintiffs' Second Amended Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Dkt. # 46. Plaintiffs are twenty-six individuals who have lost the use of their Mercedez-Benz vehicles because the braking system installed in their 2004-2015 ML-Class, GL-Class, and R-Class vehicles was defective and has been recalled. One of the named plaintiffs, Seyyed Javad Maadanian, resides in Washington. Plaintiffs allege violations of federal and state statutes, fraud by concealment or omission, negligent misrepresentation, unjust enrichment, and breaches of express and implied warranties on behalf of a nationwide class, as well as state specific claims under California, Colorado, Florida, Georgia, Illinois, Indiana, Louisiana, Maryland, Mississippi, New Jersey, New York, North Carolina, Ohio, Texas, Utah, and Wisconsin law. Defendants seek dismissal of the Second Amended Complaint on the ground that plaintiffs cited

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 1

an inapposite provision of the Racketeer Influenced and Corrupt Organization Act ("RICO"). They also seek dismissal of the claims asserted by the twenty-five non-Washington residents under *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco County*, 137 S. Ct. 1773 (2017) (hereinafter, "*BMS*").[1]

Having reviewed the complaint and the memoranda, declarations, and exhibits submitted by the parties,[2] the Court finds as follows:

## A. Pleading of Incorrect Jurisdictional Authority

Plaintiffs specifically allege that the Court "has personal jurisdiction over [d]efendants under 18 U.S.C. § 1956(d) because [d]efendants are found, have agents, and transact substantial business in this District." Dkt. # 41 at ¶ 11. Section 1956(d) is part of RICO and relates to service "in any action or proceeding under this chapter . . . ." Plaintiffs have not, however, asserted a RICO claim in this litigation, making § 1956(d) inapplicable. Nevertheless, defendants offer no case law that supports their argument that the erroneous identification of a statute as the basis for personal jurisdiction is fatal to plaintiffs' claims. Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the grounds for the court's jurisdiction," which plaintiff provides at Dkt. # 41 at ¶ 10.

---

[1] In their reply memorandum, defendants withdrew their challenge to the adequacy of plaintiffs' allegations with regards to the sufficiency of their contacts with the forum. Dkt. # 59 at 2.

[2] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 2

In the absence of a federal statutory basis for the exercise of jurisdiction over a defendant, the issue is whether plaintiffs have made a prima facie showing that personal jurisdiction exists. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003). The Second Amended Complaint contains uncontroverted allegations regarding defendants' purposeful availment of the Washington market and, with regards to plaintiff Maadanian, how those actions gave rise to his claims. Defendants have now waived any challenge to the adequacy of plaintiffs' allegations regarding the Court's power of judgment over Maadanian's claims. Fed. R. Civ. P. 12(g) and (h); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."); *Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004) (same).[3] Their claim that the Court is deprived of personal jurisdiction over them because plaintiffs cited an inapplicable statute is unsupported and unpersuasive.

**B. Jurisdiction Over the Federal Claims of Nonresident Plaintiffs**

Defendants argue that, even if the Court has the power to resolve Maadanian's claims against them in this forum, the claims of the nonresident plaintiffs do not arise out of or relate to defendants' contacts with the State of Washington and must be dismissed under the reasoning of *BMS*. The nonresident plaintiffs argue that the Court has specific jurisdiction because this is a

---

[3] If the Court had concluded that the citation to an inapplicable jurisdictional provision were fatal to plaintiffs' claims, leave to amend the complaint would have been granted.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS  - 3

class action asserting nationwide claims and because one of the class claims arises under federal law. Alternatively, plaintiffs request that the Court exercise pendent personal jurisdiction over the nonresidents' claims because they share a common nucleus of operative facts with Maadanian's claims.

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). In order to establish specific jurisdiction, the plaintiff must demonstrate that (1) each of the defendants purposely availed themselves of the privilege of doing business in Washington, (2) plaintiffs' claims arise out of or relate to defendants' forum-related activities, and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Defendants, having now conceded purposeful availment and reasonableness with regards to the claims of the nonresident plaintiffs, argue that the claims do not arise out of or relate to defendants' forum-related activities. In 2017, the Supreme Court analyzed this requirement in relation to claims of out-of-state plaintiffs against an out-of-state defendant in a mass tort action and determined that a state court lacked specific jurisdiction over nonresident plaintiffs' claims because there was no connection between the conduct giving rise to the out-of-state plaintiffs' claims and the forum state. In *BMS*, hundreds of plaintiffs from around the country filed claims in California state court alleging state-law products liability, negligent misrepresentation, and misleading advertising claims based on injuries stemming from their use of Plavix, a drug manufactured and

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 4

sold by BMS. 137 S. Ct. at 1778. The majority of the plaintiffs did not reside in California, nor had the drug been prescribed, received, or ingested by them there. *Id.* BMS did, however, sell Plavix in California, earning more than $900 million from those sales. *Id.*

The California Supreme Court held that the state could properly exercise specific jurisdiction over all of the plaintiffs' claims based on BMS' "extensive contacts with California" and the similarity of the resident and nonresident claims. *Id.* at 1779. The U.S. Supreme Court rejected this conclusion, holding that the Fourteenth Amendment's Due Process Clause prohibits state courts from exercising specific personal jurisdiction over state law claims asserted by nonresident plaintiffs absent "an adequate link between the State and the nonresident's claims." *Id.* at 1781. Similarities between the claims of residents and nonresidents were insufficient to establish that connection. *Id.*

The decision emphasized that the "primary concern" of the personal jurisdiction analysis is "the burden on the defendant," measured not only by "the practical problems resulting from litigation in the forum" but also the forced submission "to the coercive power of a State that may have little legitimate interest in the claims in question," which it described as a "federalism interest" that "may be decisive." *Id*. at 1780.  The Supreme Court explained:

> [E]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS  - 5

*Id.* at 1780-81 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)).

### 1. Class Action Asserting Nationwide Claims

The Court agrees with the overwhelming weight of authority holding that a named plaintiff in a class action must demonstrate the Court's power to decide the claims he or she has asserted. The fact that plaintiff is litigating in a representative rather than an individual capacity does not justify a relaxation of the due process protections afforded the defendant. *See, e.g., Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) ("We see no reason why personal jurisdiction should be treated any differently from subject-matter jurisdiction and venue: the named representatives must be able to demonstrate either general or specific personal jurisdiction, but the unnamed class members are not required to do so."); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1037 (S.D. Cal. 2020) (finding that the exercise of "personal jurisdiction over claims where there would not be personal jurisdiction if the claims were brought individually, for no other reason than that those same claims were brought as part of a class action, would fundamentally alter the existing landscape of personal jurisdiction jurisprudence"); Daniel Wilf-Townsend, *Did Bristol-Myers Squibb Kill the Nationwide Class Action?*, 129 Yale L.J. Forum 205, 219 (2019) ("In contrast to the disagreements about unnamed classmembers, there is a general consensus that the requirements of personal jurisdiction, including those articulated in [*Bristol-Myers*], apply to named plaintiffs wherever they bring their case."); 1 McLaughlin on Class Actions § 2:44 (19th ed.) ("[T]here is consensus that *Bristol-Myers*' personal jurisdiction holding applies to the named plaintiffs in a putative class

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 6

action."). The fact that plaintiffs seek to represent a nationwide class is not dispositive.

### 2. Claims Arising Under Federal Law

*BMS* involved the assertion of state law claims in state court, and the Supreme Court's reasoning rests entirely on the Fourteenth Amendment's limits on a state court's exercise of jurisdiction over state law claims. *BMS*, 137 S. Ct. at 1783-84 ("[S]ince our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."). While the majority of plaintiffs' claims in this action arise under state law, they have also asserted a federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. Following the issuance of *BMS*, at least one circuit court has found that the Fifth Amendment "does not bar an out-of-state plaintiff from suing to enforce their rights under a federal statute in federal court if the defendant maintained the 'requisite 'minimum contacts' with the United States.'" *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 92 (1st Cir.) (citation omitted), *cert. denied*, 213 L. Ed. 2d 1016, 142 S. Ct. 2777 (2022). State judicial power is, after all, generally limited to its territory, while federal power extends to the entire country.

> In contrast to *Bristol–Myers*, the due process right does not obtain here in the same manner because all federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of a foreign state government. There is no risk of a state court exceeding the bounds of its state's sovereignty and subjecting residents of another state to the coercing power of its courts. Therefore, where a federal court presides over litigation involving a federal question, the due process

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 7

analysis does not incorporate the interstate sovereignty concerns that animated *Bristol–Myers* and which may be "decisive" in a state court's analysis.

*Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 858–59 (N.D. Cal. 2018), order clarified, No. 16-CV-07244-EMC, 2018 WL 1156607 (N.D. Cal. Mar. 5, 2018), and on reconsideration, 438 F. Supp. 3d 1017 (N.D. Cal. 2020). *See also Fischer v. Fed. Express Corp.*, 42 F.4th 366, 385 (3d Cir. 2022) (noting that the constitutional limits imposed by the Fifth Amendment involve a nationwide minimum contacts analysis), *cert. denied*, 143 S. Ct. 1001 (2023); *Lyngaas v. Ag*, 992 F.3d 412, 422 (6th Cir. 2021) (the due process requirements of the Fifth and Fourteenth Amendments "are the same as with any other personal jurisdiction inquiry, *i.e.* relatedness, purposeful availment, and reasonableness, only in reference to the United States as a whole, rather than a particular state.") (citation omitted).

Where subject matter jurisdiction is based on the existence of a federal question, the federalism concerns which arise in a diversity case and which played a large part in the Supreme Court's reasoning in *BMS* are absent. *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992). Defendants do not argue that the nonresident plaintiffs' claims are unrelated to defendants' contacts with the United States as a whole, nor have they shown that *BMS* directly governs a suit in federal court under a federal statute. *See LeGrand v. Abbott Labs.*, No. 22-CV-05815-TSH, 2023 WL 1819159, at *4 (N.D. Cal. Feb. 8, 2023) ("Neither the Supreme Court nor the Ninth Circuit has analyzed *Bristol-Myers*' application to federal courts or class actions."). Thus, to the extent the nonresident

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS  - 8

plaintiffs are pursuing a federal claim, it appears on the current record[4] that the Court has the power to exercise personal jurisdiction over defendants and resolve that claim.

**3. Pendent Personal Jurisdiction**

Plaintiffs argue that, because the Court can exercise personal jurisdiction over defendants for the purpose of resolving Maadanian's state law claims (and, as discussed above, the federal Magnuson-Moss Warranty Act claim),[5] it should also decide the nonresidents' state law claims under the federal common law doctrine of pendent personal jurisdiction. "Under this doctrine, a court may assert pendent personal jurisdiction over a defendant with respect to a claim for which there is no independent basis of personal jurisdiction so long as it arises out of a common nucleus of operative facts with a claim in the same suit over which the court does have personal jurisdiction." *Action Embroidery,* 368 F.3d at 1180 (citing *U.S. v. Botefuhr*, 309 F.3d 1263, 1272–75 (10th Cir. 2002); *Robinson Eng'g Co., Ltd. Pension Plan Trust v. George*, 223 F.3d 445, 449–50 (7th Cir. 2000); *ESAB Group*[*, Inc. v. Centricut, Inc*., 126 F.3d 617, 628–29 (4th Cir. 1997)]; *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1056–57 (2d Cir. 1993); *Oetiker v. Werke*, 556 F.2d 1, 5 (D.C. Cir. 1977); *Robinson v. Penn Cent. Co*., 484 F.2d 553, 555–56 (3d Cir. 1973)). Pendent personal jurisdiction "is typically found where one or more

---

[4] *See* footnote 6, *infra*.

[5] Because the Court has the power to hear plaintiffs' federal claim, defendants' reliance on cases discussing pendent party jurisdiction is misplaced.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS  - 9

federal claims for which there is nationwide personal jurisdiction are combined in the same suit *Id.* at 1180-81.[6]

Whether to exercise personal pendent jurisdiction in a particular case is left to the discretion of the district court after considering whether the claims arise out of a common nucleus of operative facts, judicial economy, the avoidance of piecemeal litigation, and the convenience of the parties. *Id.* at 1181. Plaintiffs' claims under the Magnuson-Moss Warranty Act stand or fall with the express and implied warranty claims asserted under state law. Dkt. # 41 at ¶¶ 141-58; 15 U.S.C. § 2310(d); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Thus, not only are the operative facts the same, but two of plaintiffs' state law claims will determine the outcome of the federal claims. Because defendants must appear in this forum to defend against a federal claim which is legally and factually dependent on two of the state law claims, the policy considerations underlying the pendent personal jurisdiction doctrine favor compelling defendants to answer the state law claims in the same suit.

//

//

---

[6] This formulation of the pendent personal jurisdiction doctrine may suggest that some federal claims do not have the benefit of a nationwide personal jurisdiction analysis. This order is without prejudice to defendants filing a motion for reconsideration if personal jurisdiction to hear a Magnuson-Moss Warranty Act claim must be considered on a state-by-state, rather than a national, basis.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS - 10

For all of the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction (Dkt. # 46) is DENIED.

Dated this 5th day of May, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge