The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEYYED JAVAD MAADANIAN, LEONARDO CACHO, WENDER JEUDY, SEAN K. LEE, TINA MARIE, RULESHA MCKINNEY, FRANCY DIAZ PEREZ, JEFFREY ROBINSON, MARCIO SINELLI, THOMAS STEFANOPOULOS, JENNIFER WALKER, and BETTY WALTON, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

MERCEDES-BENZ USA, LLC, MERCEDES-BENZ AKTIENGESELLSCHAFT, and MERCEDES-BENZ GROUP AKTIENGESELLSCHAFT,

Defendants.

Case No. 2:22-cv-00665-RSL

**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

**NOTE ON MOTION CALENDAR: MAY 19, 2023**

## INTRODUCTION

Defendants respectfully move under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's May 5, 2023 Order denying without prejudice Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). Dkt. 61. Upon reconsideration, Defendants ask that their Motion to Dismiss be granted as to the claims asserted by the twenty-five out-of-state Plaintiffs with insufficient connections to Washington (the "Non-Washington Plaintiffs").

DEFENDANTS' MOTION FOR RECONSIDERATION- 1
Case No. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9389449.1

This Court found pendent personal jurisdiction over the Non-Washington Plaintiffs' claims based on a sole federal claim under the Magnuson–Moss Warranty Act ("MMWA"). *See id*. at 9. In so ruling, however, the Court noted that "[t]his order is without prejudice to defendants filing a motion for reconsideration if personal jurisdiction to hear [an MMWA] claim must be considered on a state-by-state, rather than a national, basis." *Id.* at 10 n.6.

Defendants now seek reconsideration because unlike some other federal statutes, personal jurisdiction to hear an MMWA claim must be considered on a state-by-state basis. As a result, the MMWA cannot be the basis for pendent personal jurisdiction and this Court lacks personal jurisdiction over the claims brought by the Non-Washington Plaintiffs.

## BACKGROUND

The lack of relevant connections between this forum and the Non-Washington Plaintiffs is undisputed. After reviewing Defendants' Motion to Dismiss, Plaintiffs admitted in briefing filed with the Court that "the non-Washington Plaintiffs' claims cannot be litigated in Washington." Dkt. 52 at 1:18–20. The Court also acknowledged that concession, noting: "Plaintiffs admit that the claims of 25 of the 26 named plaintiffs have insufficient connection with Washington to justify the exercise of jurisdiction over those claims and seem to concede that the two foreign defendants cannot be haled into court here." Dkt. 54, at 2:9–11. Thus, there are no facts in dispute. As indicated above, the question presented here is whether alleged jurisdiction to hear an MMWA claim gives rise to nationwide pendent personal jurisdiction.

To the extent other background is necessary, for the sake of judicial economy, Defendants respectfully refer the Court to Defendants' Motion to Dismiss and fully incorporate the factual background herein. Dkt. 46, at 6–8.

## ARGUMENT

**I.     The MMWA Does Not Confer Nationwide Jurisdiction and Cannot Be a Basis for Pendent Personal Jurisdiction**

In its May 5, 2023 Order, this Court found it had jurisdiction over the Non-Washington Plaintiffs based on pendent personal jurisdiction via the MMWA. Dkt. 61, at 9. However, this

DEFENDANTS' MOTION FOR RECONSIDERATION- 2
Case No. 2:22-cv-00665-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

134645.0001/9389449.1

Court further noted that "[t]his formulation of the pendent personal jurisdiction doctrine may suggest that some federal claims do not have the benefit of a nationwide personal jurisdiction analysis. This order is without prejudice to defendants filing a motion for reconsideration if personal jurisdiction to hear a Magnuson-Moss Warranty Act claim must be considered on a state-by-state, rather than a national, basis." *Id.* at 10 n.6. As described below, courts have consistently held that the MMWA does not authorize nationwide service of process and therefore cannot be the basis for nationwide pendent personal jurisdiction. Thus, the Non-Washington Plaintiffs' claims should be dismissed.

In a class action, personal jurisdiction "must be satisfied for each and every named plaintiff for the suit to go forward." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist for each claim asserted against a defendant."). Whether a federal court can exercise personal jurisdiction over nonresident defendants, such as those here, turns on two independent considerations–whether: (1) an applicable state rule or statute permits nationwide service of process, and (2) the assertion of personal jurisdiction comports with constitutional due process principles. *See Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). With respect to the second consideration, as the Court noted in the May 5, 2023 Order, the U.S. Supreme Court has held that the Fourteenth Amendment's Due Process Clause prohibits state courts from exercising specific personal jurisdiction over state-law claims asserted by nonresident plaintiffs absent "an adequate link between the State and the nonresident's claims." Dkt. 61, at 5 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S. F. Cnty.*, 137 S. Ct. 1773, 1781 (2017)).[1]

This Motion for Reconsideration should be granted because, with respect to the first consideration, the MMWA does not confer nationwide service of process and cannot be the basis for nationwide pendent personal jurisdiction. "Pendent jurisdiction exists where there is a

---

[1] While not necessarily relevant to this motion for reconsideration, Defendants maintain that the Non-Washington Plaintiffs have not sufficiently alleged ties to Washington that would provide this Court with jurisdiction over their claims. *See generally* Dkt. 41 (Second Amended Complaint); Dkt. 45 (Motion to Dismiss).

DEFENDANTS' MOTION FOR RECONSIDERATION- 3
Case No. 2:22-cv-00665-RSL

134645.0001/9389449.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

sufficiently substantial federal claim to confer federal jurisdiction, and a common nucleus of operative fact[s] between the state and federal claims." *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991). "[A] common nucleus of operative fact between [] state law claims and [out-of-]state law claims cannot alone confer pendent personal jurisdiction." *Pilgrim v. Gen. Motors Co.*, 408 F. Supp. 3d 1160, 1168 (C.D. Cal. 2019). Rather, there must be a federal claim that raises federal question jurisdiction that can be considered on a nationwide basis.

Courts in this Circuit and elsewhere have confirmed that the MMWA does not allow for nationwide service of process. In *Pilgrim*, for example, plaintiffs brought claims on behalf of fifty-seven current or former owners or lessees of 2006–2013 Chevrolet Corvettes with alleged defects. 408 F. Supp. 3d at 1163. Seventeen of the plaintiffs were citizens of California, the state in which the case was filed, but the remaining forty plaintiffs resided in twenty different states. *Id*. Plaintiffs' claims consisted primarily of different state causes of action, but also included an MMWA claim. *Id*. at 1164. Defendants moved to dismiss for lack of personal jurisdiction over GM. *Id*. at 1166-67. Plaintiffs argued that the holding in *Bristol-Myers* was inapplicable to the case because *Bristol-Myers* involved a state-court mass-tort case, and that the court should exercise pendent personal jurisdiction over the non-California plaintiffs' claims based on the federal MMWA claim. *See id*.

After holding that *Bristol-Myers* applies to federal courts sitting in diversity jurisdiction, *Pilgrim* held that "there [was] no federal claim that raises federal question jurisdiction and a common nucleus of operative fact between California state law claims and non-California state law claims cannot alone confer pendent personal jurisdiction." *Id*. at 1168. The court specifically noted that "despite Plaintiffs' argument to the contrary, the MMWA does not confer nationwide personal jurisdiction" and "because there are fewer than one hundred named plaintiffs and the MMWA claim is not cognizable, the MMWA does not confer federal question jurisdiction in this case." *Id*. at n. 13. Accordingly, the court declined to exercise pendent jurisdiction over the non-California plaintiffs' claims. *Id*. at 1168.

DEFENDANTS' MOTION FOR RECONSIDERATION- 4
Case No. 2:22-cv-00665-RSL

134645.0001/9389449.1

Here, as in *Pilgrim*, the MMWA claim is not cognizable—and therefore not a basis for federal question jurisdiction—because there are fewer than 100 named plaintiffs. *See* 408 F. Supp. 3d at n.13; *see, e.g.*, *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1035 (9th Cir. 2020) (affirming dismissal of MMWA claim for failure to satisfy requirement of 100 named plaintiffs). Even assuming the claim was cognizable, however, the MMWA does not confer nationwide personal jurisdiction and cannot be the basis for pendent personal jurisdiction over the Non-Washington Plaintiffs. *See Pilgrim*, 408 F. Supp. 3d at 1168.

Similarly, in *Napoli*, four plaintiffs from four different states brought claims in the District Court of Connecticut against General Motors on behalf of a nationwide class of persons in the United States who bought or leased a 2017–2018 GMC vehicle with an alleged defect. *Napoli-Bosse v. Gen. Motors LLC*, 453 F. Supp. 3d 536, 540 (D. Conn. 2020). Only one plaintiff was a citizen of Connecticut, and there were several state claims asserted by non-resident plaintiffs alongside an MMWA claim. *Id.* at 540–42. Defendant moved to dismiss for lack of personal jurisdiction, arguing a straightforward application of *Bristol-Myers* supported a finding that the court lacked specific jurisdiction. *Id* at 540. After conceding that the court did not have general personal jurisdiction over the defendants, plaintiffs argued *Bristol-Myers* did not apply because that case "involved a state—not federal—court and was motivated by considerations of interstate federalism inapplicable here." *Id.* at 541 (first citing *Bristol-Myers*, 137 S. Ct. at 1780; and then citing *Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 858 (N.D. Cal. 2018)). The court disagreed, because *Bristol-Myers* "did not consider the distinction between claims as to which personal jurisdiction stems from statutory authority for nationwide service and those as to which personal jurisdiction stems from a state's long-arm statute." *Napoli*, 453 F. Supp. 3d at 541. After noting that "MMWA does not authorize nationwide service," the court "join[ed] the majority of district courts to consider the issue and conclude[d] that, because the non-resident Plaintiffs have failed to allege that their claims arise out of GM's contacts with Connecticut, *Bristol-Myers* precludes this Court from exercising personal jurisdiction over their claims." *Id*.

DEFENDANTS' MOTION FOR RECONSIDERATION- 5
Case No. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9389449.1

*Pilgrim* and *Napoli* are not outliers. Both before and after the Supreme Court's decision in *Bristol-Myers*, courts have recognized that an "MMWA claim does not confer nationwide personal jurisdiction" and as such, jurisdiction must be assessed on a state-by-state basis. *See, e.g.*, *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101 (S.D. Fla. 2019) ("unlike the federal RICO statute, the Magnuson-Moss Warranty Act . . . does not provide for nationwide service of process"); *Chufen Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *4 (E.D.N.Y. Sept. 17, 2018) ("Neither CAFA nor the Magnuson-Moss Act permits nationwide service of process"), *aff'd*, 965 F.3d 492 (2d Cir. 2020); *Bluewater Trading LLC v. Fountaine Pajot, S.A.*, 2008 WL 2705432 (S.D. Fla. July 9, 2008), *aff'd*, 335 F. App'x. 905 (11th Cir. 2009) ("[T]he Magnuson-Moss Act does not authorize nationwide service.") (citing *Weinstein v. Todd Marine Enters.*, 115 F. Supp. 2d 668, 671 (E.D. Va. 2000))).

In response to the Court's issue raised in its May 5, 2023 Order (Dkt. 61, at 10 n.6): the MMWA clearly does not permit nationwide service of process and thus cannot be the basis for nationwide pendent personal jurisdiction. As such, the Non-Washington Plaintiffs' claims must be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order denying Defendants' Motion, and, upon reconsideration, dismiss the Non-Washington Plaintiffs' claims for lack of personal jurisdiction.

Dated: May 19, 2023

LANE POWELL PC

By: *s/Erin M. Wilson*
Erin M. Wilson (WSBA No. 42454)
wilsonem@lanepowell.com
John S. Devlin III (WSBA No. 23988)
devlinj@lanepowell.com
Taylor Washburn (WSBA No. 51524)
washburnt@lanepowell.com
Katie D. Bass (WSBA No. 51369)
bassk@lanepowell.com
1420 Fifth Avenue, Suite 4200
P O Box 91302

DEFENDANTS' MOTION FOR RECONSIDERATION- 6
Case No. 2:22-cv-00665-RSL

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

134645.0001/9389449.1

Seattle, WA 98111
Telephone: (206) 223-7000

WINSTON & STRAWN LLP

By: *s/Troy M. Yoshino*
Troy M. Yoshino (*pro hac vice*)
tyoshino@winston.com
Eric J. Knapp (*pro hac vice*)
eknapp@winston.com
Dana L. Cook-Milligan (*pro hac vice forthcoming*)
dlcook@winston.com
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000

*Counsel for Defendants*
*Mercedes-Benz USA, LLC,*
*Mercedes-Benz Aktiengesellschaft, and*
*Mercedes-Benz Group Aktiengesellschaft*

I certify this Memorandum contains 1741 words in compliance with the Local Civil Rules

DEFENDANTS' MOTION FOR RECONSIDERATION- 7
Case No. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9389449.1