The Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16
17
18
19
20

SEYYED JAVAD MAADANIAN,
LEONARDO CACHO, WENDER JEUDY,
SEAN K. LEE, TINA MARIE, RULESHA
MCKINNEY, FRANCY DIAZ PEREZ,
JEFFREY ROBINSON, MARCIO SINELLI,
THOMAS STEFANOPOULOS, JENNIFER
WALKER, and BETTY WALTON,
Individually and on Behalf of All Others
Similarly Situated,

                              Plaintiffs,

        v.

MERCEDES-BENZ USA, LLC,
MERCEDES-BENZ
AKTIENGESELLSCHAFT, and
MERCEDES-BENZ GROUP
AKTIENGESELLSCHAFT,

                              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-cv-00665-RSL

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE
ORDER DENYING DEFENDANTS'
MOTION TO DISMISS**

**NOTED ON MOTION CALENDAR:
JUNE 9, 2023**

## **INTRODUCTION**

21
22
23
24
25
26
27

        This Court's order on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction specified that the finding of pendent personal jurisdiction over the Non-Washington Plaintiffs' claims was "without prejudice to defendants filing a motion for reconsideration if personal jurisdiction to hear [a Magnuson–Moss Warranty Act ("MMWA")] claim must be considered on a state-by-state, rather than a national, basis."  Dkt. 61 n.6.  Plaintiffs have now conceded "the basic (and undisputed) proposition that the MMWA does not authorize nationwide service of

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION- 1
Case No. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

process." Dkt. 66 at 2.  As the MMWA does not confer nationwide service of process (i.e., allow for jurisdiction nationwide), it cannot be the basis for nationwide pendent personal jurisdiction.

In a futile attempt to avoid this conclusion, plaintiffs now ask this Court to disregard the well-settled principles set forth in *Bristol-Myers Squibb* and its progeny; that is, plaintiffs seek to expand the scope of pendent personal jurisdiction such that a court's exercise of personal jurisdiction as to one plaintiff against a defendant can then cover claims of **nonresident plaintiffs** over whom the court does not otherwise have personal jurisdiction, without a federal statutory basis for such jurisdiction.  This expansive argument is not supported by case law in this Circuit and elsewhere, nor is it supported by any federal rules or statutes, and it would render meaningless the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).  The Ninth Circuit has never exercised pendent personal jurisdiction absent an anchoring claim under a federal statute authorizing nationwide service, nor has it endorsed using this doctrine to extend a court's personal jurisdiction to reach claims asserted by a separate plaintiff.  *See, e.g.*, *Carlson v. United Nat. Foods, Inc.*, 2021 WL 3616786, at *4 (W.D. Wash. Aug. 14, 2021).  This Court should dismiss the Non-Washington Plaintiffs for lack of personal jurisdiction.

## ARGUMENT

### I.    Plaintiffs Incorrectly Seek to Circumvent *Bristol-Myers Squibb*

In a class action, personal jurisdiction must be satisfied for each and every named plaintiff for the suit to go forward.  *Action Embroidery Corp. v. Atl. Embroidery, Inc*., 368 F.3d 1174, 1180 (9th Cir. 2004) ("Personal jurisdiction must exist for each claim asserted against a defendant.").  Plaintiffs concede that the MMWA does not authorize nationwide service of process. Dkt. 66 at 2.  Thus, it is not a federal claim upon which pendent personal jurisdiction can be established.  This should be the end of the analysis: the Non-Washington Plaintiffs should be dismissed.

In an apparent effort to circumvent this clear conclusion, plaintiffs address a question not raised by the Court and seek to expand the scope of pendent personal jurisdiction to permit

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION- 2
Case No. 2:22-cv-00665-RSL

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

134645.0001/9409376.1

a court's exercise of personal jurisdiction over one defendant as to a particular claim by *one plaintiff*, to allow the court to exercise personal jurisdiction with respect to claims brought by *other nonresident* plaintiffs.  This overreaching argument directly contradicts the Supreme Court's decision in *Bristol-Myers*, the Ninth Circuit's decision in *Action Embroidery*, and a slew of cases from this Circuit and elsewhere that have consistently held that pendent personal jurisdiction cannot be conferred absent an anchoring claim under a federal statute authorizing nationwide service—and cannot be conferred across multiple different plaintiffs, as opposed to claims belonging to the same plaintiff.  *See, e.g., Wallenstein v. Mondelez Int'l, Inc.*, 2023 WL 3102555, at *2–3 (N.D. Cal. Apr. 25, 2023); *Suazo v. Bluemercury, Inc.*, 2023 WL 295997, at *4–5 (N.D. Cal. Apr. 14, 2023); *LeGrand v. Abbott Lab'ys.*, 2023 WL 1819159, at *5 (N.D. Cal. Feb. 8, 2023); *Rivera v. Invitation Homes, Inc.*, 2020 WL 8910882, at *8 (N.D. Cal. Oct. 20, 2020) ("Here, there is no federal claim upon which Plaintiffs can attach the state law claims . . . Accordingly, the court declines to exercise pendent personal jurisdiction over the claims of the non-resident named plaintiffs."); *La Fosse v. Sanderson Farms, Inc.*, 2020 WL 3617786, at *4–5 (N.D. Cal. July 2, 2020); *Reitman v. Champion Petfoods USA, Inc.*, 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018); *Andrade-Heymsfield v. Danone US, Inc.*, 2019 WL 3817948, at *5 (S.D. Cal. Aug. 14, 2019), *appeal dismissed*, 2020 WL 5513552 (9th Cir. Aug. 13, 2020) (dismissing nonresident state-law claims for lack of personal jurisdiction); *Goldstein v. GM LLC*, 445 F. Supp. 3d 1000, 1013 (S.D. Cal. Apr. 13, 2020); *Partida v. Tristar Prods., Inc.*, 2021 WL 4352374, at *5–6 (C.D. Cal. Aug. 5, 2021) (citing *Sloan v. Gen. Motors LLC*, 2019 WL 6612221, at *9 (N.D. Cal. Dec. 5, 2019) ("*Sloan II*") (collecting cases) ("Recognizing the growing weight of authority, this Court now holds that *Bristol-Myers* applies to federal courts sitting in diversity, and thus that the exercise of pendent personal jurisdiction is improper in such a circumstance.")); *see also Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 401 (6th Cir. 2021) (reasoning that the concept of pendent party personal jurisdiction is "hard to reconcile with *Bristol-Myers*").

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION- 3
Case No. 2:22-cv-00665-RSL
134645.0001/9409376.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1       In *Wallenstein*, for example, two named plaintiffs alleged that the packaging for Wheat

2 Thins crackers was misleading.  2023 WL 3102555 at *1.  Plaintiff Wallenstein was from

3 California and plaintiff Summa was from New York, and they asserted identical proposed class

4 actions and claims in California and New York.  *Id*.  While the Court had personal jurisdiction

5 over plaintiff Wallenstein's claims, the court did not have personal jurisdiction over plaintiff

6 Summa's claims as a nonresident.  *Id*. at *2.  Summa argued, as plaintiffs have here, that the

7 court could exercise pendent party personal jurisdiction as to his New York claims, since there

8 was personal jurisdiction as to Wallenstein's California claims.  *Id*.  The Court refused,

9 reasoning, "it's difficult to see how that could be right.  A rule that an out-of-state named

10 plaintiff need not establish personal jurisdiction merely because an in-state named plaintiff has

11 done so with respect to a similar claim would appear to render *Bristol-Myers* meaningless.  ***The***

12 ***Court therefore has no discretion to exercise pendent jurisdiction*** over Summa's claims, and

13 even if it did, it would decline to do so."  *Id*. at *2–3 (emphasis added) (citations omitted).

14       Similarly, in *Canaday v. Anthem Cos.*, the Sixth Circuit stated that exercising pendant

15 party personal jurisdiction in the manner plaintiffs seek:

16         is hard to reconcile with *Bristol-Myers*.  That is exactly what California's "mass

17         action" process allowed and precisely what the Supreme Court rejected.  Any
        relatedness of claims did not suffice in *Bristol-Myers*, as the Court dismissed for

18         lack of jurisdiction the nonresident plaintiffs' claims that could not show a
        "connection between the forum and the[ir] specific claims at issue."  If pendent

19         personal jurisdiction exists, *Bristol-Myers* should have come out the other way.

20 *Canaday*, 9 F.4th at 402 (quoting *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781).  "No less

21 importantly, no federal statute or rule authorizes pendent claim or pendent party personal

22 jurisdiction."  *Id*. (citing 4A Charles A. Wright, et al., *Federal Practice and Procedure* §

23 1069.7 (4th ed. 2021) ("Since there is no federal statute on this subject, it seems clear that if it

24 exists, pendent personal jurisdiction must be a creature of federal common law, or 'judge

25 made,' as one court put it."); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 275

26 (5th Cir. 2006) (stressing that a rule allowing a court to exercise "specific jurisdiction over one

27

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION- 4
Case No. 2:22-cv-00665-RSL

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

claim to justify the exercise of specific jurisdiction over a different claim that does not arise out of or relate to the defendant's forum contact would violate the Due Process Clause.").

The Sixth Circuit was entirely correct in its reasoning in *Canaday*—if pendent personal jurisdiction permitted named nonresident plaintiffs' causes of action just because there was a common nucleus of operative allegations with the resident plaintiffs' causes of action, then the nonresident plaintiffs' claims in *Bristol-Myers* would have survived.  *See generally* 582 U.S. 255 (2017).  In *Bristol-Myers*, the plaintiffs consisted of 86 California residents and 592 residents from 33 states.  *Id*. at 259.  Plaintiffs all asserted claims under California law, including products liability, negligent misrepresentation, and misleading advertising claims.  *Id*. In finding that the state court did not have specific personal jurisdiction over the nonresident plaintiffs' claims, the U.S. Supreme Court held:

> The mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as the nonresidents— does not allow the State to assert specific jurisdiction over the nonresidents' claims.  As we have explained, a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction.  This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents.

*Id*. at 265 (internal quotation marks and citations omitted).

In sum, exercising pendent personal jurisdiction in these circumstances—when plaintiffs bring nonresident plaintiff claims despite the MMWA not providing a federal statutory anchor—requires dismissal of the Non-Washington Plaintiffs. This is consistent with binding principles from the Supreme Court and the Ninth Circuit, as well as well-settled principles from districts around the country.

## II.   Plaintiffs' Cited Case Law Does Not Change the Conclusion That This Court Does Not Have Personal Jurisdiction Over the Non-Washington Plaintiffs

Despite the clear conclusion that pendent personal jurisdiction cannot be used to keep the Non-Washington Plaintiffs in this action, plaintiffs present the Court with a series of inapposite or irrelevant cases to distract from the correct conclusion.  For example, eight of the

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION- 5
Case No. 2:22-cv-00665-RSL
134645.0001/9409376.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

1   ten cases that plaintiffs cite **predate** *Bristol-Myers Squibb* and therefore do not account for the

2   due process considerations required by the Supreme Court.  137 S. Ct. 1773, 1781 (2017); *see*

3   *Gen. Elec. Capital Corp. v. Mackzilla, LLC*, 2016 WL 1059529, at \*6 (S.D. Tex. Mar. 17,

4   2016); *Inspirus, L.L.C. v. Egan*, 2011 WL 4439603, at \*1 (N.D. Tex. Sept. 20, 2011); *Pension*

5   *Advisory Grp. Ltd. v. Cty. Life Ins. Co.*, 771 F. Supp. 2d 680, 695–96 (S.D. Tex. 2011);

6   *Rosenberg v. Seattle Art Museum*, 42 F. Supp. 2d 1029, 1037 (W.D. Wash. 1999); *Anderson v.*

7   *Century Prods. Co.*, 943 F. Supp. 137 (D.N.H. 1996); *Salpoglu v. Widder*, 899 F. Supp. 835 (D.

8   Mass. 1995); *Rice v. Nova Biomed. Corp.*, 763 F. Supp. 961 (N.D. Ill. 1991); *Home Owners*

9   *Funding Corp. of Am. v. Century Bank*, 695 F. Supp. 1343, 1345 (D. Mass. 1988).

10       In addition, nine of the cases plaintiffs cite do not even address the relevant question

11  here, because they only involved a single plaintiff and the court determining that it had personal

12  jurisdiction over at least one of the specific plaintiff's **claims**, then exercising pendent personal

13  jurisdiction over the **other claims** brought by that same singular plaintiff.  *See Mackzilla*, 2016

14  WL 1059529, at \*6 (court already had jurisdiction over the one plaintiff's contract claims based

15  on forum selection clauses, and as the defendant would already be defending itself in that court

16  for those claims by plaintiff, the court exercised pendent jurisdiction for claims arising out of

17  the same facts); *Inspirus*, 2011 WL 4439603, at \*1 (same); *Pension Advisory*, 771 F. Supp. 2d

18  at 695-96 (same); *Rosenberg*, 42 F. Supp. 2d at 1037 (same); *Anderson*, 943 F. Supp. at 144-45

19  (same); *Salpoglu*, 899 F. Supp. at 838–39 (same); *Rice*, 763 F. Supp. at 966 (same); *Home*

20  *Owners Funding*, 695 F. Supp. at 1345 (same); *CSX Transp., Inc. v. Zayo Grp., LLC*, 2022 WL

21  1819519, at \*7 (S.D. Ind. June 3, 2022) (same).

22       Plaintiffs single remaining case cited in support of their position, *Ashton v. J.M.*

23  *Smucker Co.*, 2020 WL 8575140, at \*8 (C.D. Cal. Dec. 16, 2020), exercised pendent personal

24  jurisdiction in a manner inconsistent with *Bristol-Myers*, *Action Embroidery*, and the

25  overwhelming weight of case law from this court and around the country that pendent personal

26  jurisdiction requires a federal statutory hook that confers nationwide service of process.  *See*

27  *Carlson*, 2021 WL 3616786, at \*4–5 (declining to exercise pendent personal jurisdiction **one**

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION- 6
Case No. 2:22-cv-00665-RSL
134645.0001/9409376.1

*year after Ashton*); *Wallenstein*, 2023 WL 3102555, at *2–3 (declining to exercise pendent personal jurisdiction ***two years after*** *Ashton)*; *Suazo*, 2023 WL 295997, at *4–5 (declining to exercise pendent personal jurisdiction ***two years after*** *Ashton*); *LeGrand*, 2023 WL 1819159, at *5 (declining to exercise pendent personal jurisdiction ***two years after Ashton***).  Plaintiffs are improperly trying to find an end run around *Bristol-Myers* and its progeny's clear holding that named ***nonresident*** plaintiffs must establish personal jurisdiction over a defendant and cannot rely upon similar claims by named ***resident*** plaintiffs to establish jurisdiction.  A holding to the contrary would violate Defendants' due process rights.

## CONCLUSION

Therefore, Defendants respectfully request that the Court reconsider its Order denying Defendants' Motion, and, upon reconsideration, dismiss the Non-Washington Plaintiffs' claims for lack of personal jurisdiction.

Dated:  June 9, 2023

LANE POWELL PC

By: */s/ Erin M. Wilson*
Erin M. Wilson (WSBA No. 42454)
wilsonem@lanepowell.com
John S. Devlin III (WSBA No. 23988)
devlinj@lanepowell.com
Taylor Washburn (WSBA No. 51524)
washburnt@lanepowell.com
Katie D. Bass (WSBA No. 51369)
bassk@lanepowell.com
1420 Fifth Avenue, Suite 4200
P O Box 91302
Seattle, WA 98111
Telephone: (206) 223-7000

WINSTON & STRAWN LLP

By: */s/ Troy M. Yoshino*
Troy M. Yoshino (*pro hac vice*)
tyoshino@winston.com
Eric J. Knapp (*pro hac vice*)
eknapp@winston.com
Dana L. Cook-Milligan (*pro hac vice forthcoming*)
dlcook@winston.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION- 7
Case No. 2:22-cv-00665-RSL
134645.0001/9409376.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000

*Counsel for Defendants*
*Mercedes-Benz USA, LLC,*
*Mercedes-Benz Aktiengesellschaft, and*
*Mercedes-Benz Group Aktiengesellschaft*

I certify this memorandum contains 2095 words in compliance with the Local Civil Rules

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION- 8
Case No. 2:22-cv-00665-RSL

134645.0001/9409376.1