UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC., *et al.*,<br><br>Defendants. | Cause No. C22-0665RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION |

On May 5, 2023, the Court applied the federal common law doctrine of pendent personal jurisdiction to hear claims for which there was no independent basis of personal jurisdiction – namely the out-of-state plaintiffs' state law claims – on the ground that they arise out of a common nucleus of operative facts with a federal claim for which there was nationwide personal jurisdiction. The Court specifically noted that problems related to the exercise of pendant party jurisdiction were not an issue because the Court had jurisdiction over the out-of-state plaintiffs' federal claim. Dkt. # 61 at 9 n.5. The decision was without prejudice to defendants filing a motion for reconsideration if jurisdictional contacts for a claim brought under the Magnuson-Moss Warranty Act ("MMWA") must be considered on a state-by-state, rather than a nationwide, basis. Dkt. # 61 at 10 n.6. Defendants timely filed a motion for reconsideration.

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION  - 1

Having reviewed the submissions of the parties, the Court finds that reconsideration is appropriate. Each named plaintiff in a class action must demonstrate the Court's power to decide the claims he or she has asserted. Dkt. # 61 at 6. For the reasons stated in the Court's "Order Denying Defendants' Motion to Dismiss," the only way the Court would have pendent jurisdiction over the out-of-state plaintiffs' state law claims would be if the Court had jurisdiction over their federal MMWA claims.[1] Jurisdiction over the MMWA claim turned on the proposition that the Court could consider defendants' contacts with the United States as a whole, in which case it could be said that the out-of-state plaintiffs' MMWA claims arose out of or relate to defendants' nationwide forum-related activities.

Having now conceded that the MMWA claim does *not* authorize nationwide personal jurisdiction, the out-of-state plaintiffs cannot show that any of their claims – state or federal – arise from defendants' contacts in Washington. The similarity of their claims with those asserted by Maadanian is an insufficient hook on which to exercise jurisdiction over claims which arose entirely outside the forum and which will stand or fall with the express and implied warranty claims asserted under their other states' laws. Dkt. # 61 at 10.[2]

---

[1] Plaintiffs have not argued that the Court should or could exercise pendent party jurisdiction.

[2] The Court respectfully disagrees with the decision in *Ashton v. J.M. Smucker Co.*, 2020 WL 8575140, at *8 (C.D. Cal. Dec. 16, 2020), which ignores important language from *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004), and exercises pendent party jurisdiction without acknowledging it. Most of the other cases cited by plaintiffs pre-date *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco County*, 582 U.S. 255 (2017), which highlighted the need to ensure that each plaintiff's claims arose from defendant's contacts with the forum, a constitutional requirement which considerations of efficiency and economy cannot override.

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION  - 2

For all of the foregoing reasons, defendants' motion for reconsideration (Dkt. # 64) is GRANTED. The claims of the out-of-state plaintiffs are DISMISSED.

Dated this 14th day of July, 2023.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR RECONSIDERATION  - 3