UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEYYED JAVAD MAADANIAN,
Individually and on Behalf of all Others
Similarly Situated,

             Plaintiffs,

   v.

MERCEDES-BENZ USA, LLC,
MERCEDES-BENZ
AKTIENGESELLSCHAFT, and
MERCEDES-BENZ GROUP
AKTIENGESELLSCHAFT,

             Defendants.

CASE NO. 2:22-cv-0665 RSL

**PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    <u>"CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL</u>

<u>"Confidential" material shall include (a) Private Data and (b) non-public Discovery Material entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure such as policies and procedures, internal correspondence, design drawings and schematics, design specifications, testing standards, manufacturing standards and specifications, investigations, field reports, internal studies or evaluations of safety risks, internal correspondence, test reports, claims, and informational and technical materials applicable to brake booster housings in Mercedes-Benz vehicles which constitute "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).</u> "Private Data" is defined as (i) personal information of an inherently intimate and private nature (such as medical information, home street numbers, personal telephone numbers, etc.), (ii) personal information that is objectively irrelevant to this Action, or (iii) private information that a party believes in good faith to be subject to U.S. data protection laws or other U.S. privacy obligations, provided, however, that Private Data shall in no case be construed to mean the names, positions, titles, or professional contact information (work address, work email, etc.) of the current or former employees of any Defendant or of third parties identified in relevant, responsive documents, data, or information produced in discovery in

1    this Action.

2        "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material shall mean all

3    material or information, regardless of the medium or manner in which it is generated, stored, or

4    maintained, that is of such a highly sensitive nature that disclosure would create a substantial risk

5    of serious harm that could not be avoided by less restrictive means such that HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY treatment is warranted. Such material or

7    information may include, but is not limited to, certain trade secrets, financial information, business

8    information, or strategic information relating to potential or ongoing litigation.

9    3.    SCOPE

10       The protections conferred by this agreement cover not only confidential material (as

11   defined above), but also (1) any information copied or extracted from confidential material; (2) all

12   copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

13   conversations, or presentations by parties or their counsel that might reveal confidential material.

14       However, the protections conferred by this agreement do not cover information that is in

15   the public domain or becomes part of the public domain through trial or otherwise.

16   4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

17       4.1    Basic Principles. A receiving party may use confidential material that is disclosed

18   or produced by another party or by a non-party in connection with this case only for prosecuting,

19   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

20   categories of persons and under the conditions described in this agreement. Confidential material

21   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

22   that access is limited to the persons authorized under this agreement.

23       4.2    Procurement and Retention of "Acknowledgements and Agreements to Be Bound".

24   The party disclosing Confidential and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

25   ONLY documents or materials subject to this Stipulated Protective Order shall procure and retain

26   copies of their respective "Acknowledgements and Agreements to Be Bound" until at least 60 days

after the termination of this action. Unless the requesting person establishes prima facie evidence of a violation of this Stipulated Protective Order, the parties' "Acknowledgements and Agreements to Be Bound" need not be produced.

4.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)    the author or recipient of a document containing the information or a

PROTECTIVE ORDER
CASE NUMBER 2:22-CV-665 RSL - 4

1   custodian or other person who otherwise possessed or knew the information.

2       4.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

3 <u>Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the

4 designating party, a receiving party may disclose any information or item designated Attorneys'

5 Eyes Only to:

6       (a)    the receiving party's outside counsel of record in this action, as well as

7 employees of said outside counsel of record to whom it is reasonably necessary to disclose the

8 information for this litigation;

9       (b)    the Court, court personnel, and court reporters and their staff;

10       (c)    Copy or imaging services retained by counsel to assist in the duplication of

11 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, provided that counsel for

12 the party retaining the copy or imaging service instructs the service not to disclose any Confidential

13 material to third parties and to immediately return all originals and copies of any Confidential

14 material;

15       (d)    witnesses in this action who are officers, directors, or employees of the

16 Designating Party;

17       (e)    witnesses and potential witnesses in the action to whom disclosure is

18 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

19 (Exhibit A), unless otherwise agreed by the designating party or ordered by the court;

20       (f)    professional jury or trial consultants and professional vendors to whom

21 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

22 and Agreement to Be Bound" (Exhibit A); and

23       (g)    the author or recipient of a document containing the information or a

24 custodian or other person who otherwise possessed or knew the information.

25       4.5    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or

26 referencing such material in court filings, the filing party shall confer with the designating party,

in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    FOREIGN DATA PRIVACY LAWS

5.1    The nature and scope of discovery in this Action potentially implicates information which is located in foreign jurisdictions. "Foreign Private Data" shall mean any personal or private information that a Producing Party believes in good faith to be subject to foreign (i.e., non-US) data protection laws or other foreign privacy obligations, including without limitation: the Directive 95/46/EC of the European Parliament and the Council of 24 October 1995 on the protection of individuals with regard to the processing of personal data and on the free movement of such data (the "EU Data Protection Directive"); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the protection of natural persons with regard to the processing of personal data and on the free movement of such data ("General Data Protection Regulation"); the German Federal Data Protection Act (Bundesdatenschutzgesetz – BDSG); and the German Telecommunications Act (Telekommunikationsgesetz – TKG).  If any Producing Party is called upon to produce Discovery Material in this lawsuit that contains Foreign Private Data, such Producing Party may designate such Discovery Material as CONFIDENTIAL under the terms of this Order.  This Order does not address the redaction or withholding of Foreign

Private Data, if any.  If a Producing Party wishes to redact or otherwise withhold Foreign Private Data, the Producing Party shall meet and confer with the Receiving Party in advance of applying any such redactions to discuss the scope of any proposed redactions before bringing any dispute before the Court.

6.     DESIGNATING PROTECTED MATERIAL

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 6.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains

confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.4     <u>Designation by Non-Producing Party</u>. Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Disclosure or Discovery Materials that have been produced or disclosed without such designation by a Producing Party to the extent the materials contain protectable information that could have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" had the Party produced them in the first instance.  In the case of documents, the Party may designate   such   documents   as   "CONFIDENTIAL"   or   "HIGHLY   CONFIDENTIAL   –

ATTORNEYS' EYES ONLY" within thirty (30) days of the initial production of such documents by producing to all Parties copies of the documents with the foregoing legend.  In the case of nondocumentary and tangible items, the Party may designate the materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by notifying all Parties in writing of the designation within thirty (30) days of the production of such materials.  The Party designating materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must otherwise comply with all applicable rules and law.  Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is "Protected Material."

7.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1      <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality or Redacted Information at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2      <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3      <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

9.   NON-PARTY MATERIAL PRODCUED IN THIS LITIGATION.

The terms of this order are applicable to information or materials produced by any Non-Party to this Action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.   Such information or materials produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided for by this Order. Nothing in these provisions should be construed as prohibiting a Party or Non-Party from seeking additional protections.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving

party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material , (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and the ESI Order entered in this case. This provision is not intended to modify whatever procedure may be established in the entered e-discovery order.

12.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

13.    SECURITY OF PROTECTED MATERIAL

13.1    Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse, and unauthorized access, disclosure, alteration, and destruction. Each Party will store and maintain all documents and information it receives during discovery, including full or

partial copies or screenshots, in an access-restricted platform that meets industry-standard security requirements. Receiving Parties may not input, upload, or otherwise disclose documents or information received during discovery to any generative AI tool, open-sourced application, or non containerized software application (including, by way of example but not limitation, ChatGPT) without first confirming that the license agreement guarantees secure storage as set forth above and protects the data from being accessed or used for training or other purposes outside of this litigation and meeting and conferring with the Producing Party so that they have time to seek relief from the Court as needed.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED: May 24, 2024

3                                   TOUSLEY BRAIN STEPHENS PLLC

4

5                                   By: _s/ Kim D. Stephens_____
                                        _s/ Rebecca L. Solomon_____
6                                       Kim D. Stephens, P.S.,WSBA #11984
                                        Rebecca L. Solomon, WSBA #51520
7                                       1200 Fifth Avenue, Suite 1700
                                        Seattle, Washington 98101
8                                       Telephone:  206.682.5600
                                        Fax: 206.682.2992
9                                       kstephens@tousley.com
                                        rsolomon@tousley.com
10
                                    By:  _s/ Timothy W. Emery_____
11                                      _s/ Patrick B. Reddy_____
                                        Timothy W. Emery, WSBA #34078
12                                      Patrick B. Reddy, WSBA #34092
                                        **EMERY REDDY, PLLC**
13                                      600 Stewart Street, Suite 1100
                                        Seattle, WA 98101
14                                      Phone: (206) 442-9106
                                        Fax: (206) 441-9711
15                                      Email: emeryt@emeryreddy.com
                                        Email: reddyp@emeryreddy.com
16
                                        James E. Cecchi*
17                                      Caroline F. Bartlett*
                                        Jordan M. Steele*
18                                      **CARELLA, BYRNE, CECCHI,**
                                        **OLSTEIN, BRODY & AGNELLO, P.C.**
19                                      5 Becker Farm Road
                                        Roseland, New Jersey 07068
20                                      Telephone: (973) 994-1700
                                        Facsimile: (973) 994-1744
21                                      jcecchi@carellabyrne.com
                                        cbartlett@carellabyrne.com
22                                      jsteele@carellabyrne.com

23                                      Christopher A. Seeger*
                                        Christopher L. Ayers*
24                                      SEEGER WEISS LLP
                                        55 Challenger Road, 6th Floor
25                                      Ridgefield Park, NJ 07660
                                        Telephone: (973) 639-9100
26                                      Facsimile: (973) 679-8656

cseeger@seegerweiss.com
cayers@seegerweiss.com

Zachary S. Bower*
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
2222 Ponce DeLeon Blvd.
Miami, Florida 33134
Telephone: 973-422-5593
Facsimile: 973-994-1744
zbower@carellabyrne.com

Scott P. Schlesinger*
Jeffrey L. Haberman*
Jonathan R. Gdanski*
Sarah J. Schultz*
**SCHLESINGER LAW OFFICES, P.A.**
1212 SE Third Avenue
Ft. Lauderdale, FL 33316
Telephone: (954) 467-8800
scott@schlesingerlaw.com
jhaberman@schlesingerlaw.com
jgdanski@schlesingerlaw.com
sarah@schlesingerlaw.com

*Attorneys for Plaintiffs and the Putative Class*
*\* Admitted pro hac vice*

DATED: May 24, 2024

LANE POWELL PC

By: /s/ Erin M. Wilson
Erin M. Wilson (WSBA No. 42454)
wilsonem@lanepowell.com
John S. Devlin III (WSBA No. 23988)
devlinj@lanepowell.com
Taylor Washburn (WSBA No. 51524)
washburnt@lanepowell.com
Katie D. Bass (WSBA No. 51369)
bassk@lanepowell.com
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111
Telephone: (206) 223-7000

WINSTON & STRAWN LLP

PROTECTIVE ORDER
CASE NUMBER 2:22-CV-665 RSL - 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By:  */s/* Dana L. Cook-Milligan
Troy M. Yoshino (*pro hac vice*)
tyoshino@winston.com
Eric J. Knapp (*pro hac vice*)
eknapp@winston.com
Dana L. Cook-Milligan (*pro hac vice*)
dlcook@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000

*Counsel for Defendants*
*Mercedes-Benz USA, LLC,*
*Mercedes-Benz Aktiengesellschaft, and*
*Mercedes-Benz Group Aktiengesellschaft*

IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 30th day of May, 2024.

Robert S. Lasnik
United States District Judge

PROTECTIVE ORDER
CASE NUMBER 2:22-CV-665 RSL - 16

1

2

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3

4

5

6

7

8

9

10

11

12

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Maadanian v. Mercedes-Benz USA, LLC, et al.*, Case No. 2:22-cv-665-RSL. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

13

14

15

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

16   Date:_____

17   City and State where sworn and signed:_____

18   Printed name:_____

19   Signature: _____

20

21

22

23

24

25

26

PROTECTIVE ORDER - 17