UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC, *et al.*,<br><br>        Defendants. | CASE NO. 2:22-cv-00665-RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

This matter comes before the Court on "Defendants' Motion for Judgment on the Pleadings." Dkt. # 115. Having reviewed the memoranda submitted by the parties and the remainder of the record,[1] the Court finds as follows:

**BACKGROUND**

Plaintiff's 2011 Mercedes-Benz vehicle was subject to a voluntary recall involving the inspection and, if necessary, replacement of the "brake booster," a part that provides powered braking assistance to the driver. The recall was first announced on May 11, 2022, along with a notice that impacted vehicles should not be driven. Dkt. # 41 at ¶ 4. Plaintiff learned of the recall two days later and stopped using his car as instructed. *Id.* at ¶ 13. He

---

[1] This matter can be resolved on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS - 1

contacted his local Mercedes-Benz dealership and requested that his vehicle be towed to the dealership for inspection and that he be provided a loaner vehicle or, in the alternative, that he be reimbursed for towing and a rental car. *Id. See also* Dkt. # 79 at ¶¶ 10-11. The requests were denied. Dkt. # 79 at ¶¶ 10-11. At the time he filed this lawsuit, plaintiff's vehicle was sitting idle, he had no options for repairing it, and he was given no assistance in securing alternative transportation or getting his vehicle inspected. Dkt. # 41 at ¶ 13. In late July or early August 2022, plaintiff was informed that Mercedes-Benz would reimburse $800 of his out-of-pocket expenses. Dkt. # 79 at ¶ 30. There is no indication that the offered compensation, which would cover only a fraction of plaintiff's out-of-pocket expenses, was actually paid.

Plaintiff asserts a claim under the Washington Consumer Protection Act ("CPA"), alleging the following unfair or deceptive acts or practices in the conduct of defendants' trade or business:

- misrepresenting that the vehicle he purchased was safe and/or free from defects;
- failing to disclose and actively concealing the risks posed by the brake defect;
- transferring the costs of repair or replacement to the consumer; and
- marketing additional defective vehicles after discovery of the defect to other class members without full disclosures.

Dkt. # 41 at ¶¶ 191-95. Defendants seek dismissal of the CPA claim in its entirety, arguing that plaintiff has not adequately pled knowledge of the defect.

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS - 2

## DISCUSSION

Judgment on the pleadings under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The standard applied is substantially the same as that applied under Rule 12(b)(6): whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Claims sounding in fraud must also satisfy Rule 9(b). *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). The rule requires that a party alleging fraud or mistake "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The rule "serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (internal quotations omitted, brackets in original). To accomplish these goals, Rule 9(b) requires that "[a]verments of fraud ... be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Painters & Allied*

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS - 3

*Trades Dist. Council 82 Health Care Fund v. Takeda Pharm. Co. Ltd.*, 520 F. Supp. 3d 1258, 1265 (C.D. Cal. 2021) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). The circumstances constituting fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

To the extent plaintiff's CPA claim relies on allegations of deceptive practices (misrepresentation, failure to disclose, *etc*.) before or after plaintiff purchased his vehicle, he has not adequately alleged the essential element of knowledge of the defect under Rule 9(b). *See* Dkt. # 96 at 13-14. The CPA claim related to deceptive practices is, therefore, dismissed.

The Court previously recognized, however, that plaintiff's CPA claim is also based on allegations that defendants unfairly forced consumers to bear the burden and costs of repair or replacement through a defective and insufficient recall program. Dkt. # 96 at 20-21. Any unfair act or practice that violates the public interest can form the basis for a CPA claim, even if it is not deceptive. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013). The record contains allegations and evidence that, despite having been instructed to not use his vehicle, plaintiff's requests that his vehicle be towed to the dealership for inspection and that he be provided a loaner vehicle (or, in the alternative, be reimbursed for towing and a rental car) were denied. When defendants finally offered to help defray some portion of the expenses plaintiff incurred, the payment never materialized. In alleging the CPA

claim, plaintiff expressly asserts that "[d]efendants unlawfully transferred the costs of repair or replacement to" plaintiff and the putative class members. Dkt. # 41 at ¶ 194. In their motion, defendants ignore these allegations and presume that the entirety of the CPA claim is based on allegations of knowledge of the defect. Dismissal cannot be obtained by pretending that the allegations are something they are not.

## CONCLUSION

For all of the foregoing reasons, defendants' motion for judgment on the pleadings, Dkt. # 115, is GRANTED in part and DENIED in part. Plaintiff's CPA claim based on deceptive practices is dismissed, but the claim may proceed as to the allegation that defendants unfairly transferred repair and replacement costs to consumers.

DATED this 3rd day of February, 2025.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge