UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYYED JAVAD MAADANIAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>MERCEDES-BENZ USA, LLC, *et al*.,<br><br>                    Defendants. | CASE NO. 2:22-cv-00665-RSL<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO AMEND AND MOTION TO COMPEL |

This matter comes before the Court on "Plaintiff's Motion to Amend the Case Schedule and to Compel." Dkt. # 119. Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**BACKGROUND**

In May 2023, as soon as the Court entered its initial order regarding defendants' jurisdictional challenges, plaintiff served requests for production on defendant Mercedes-Benz USA ("MBUSA"). The parties negotiated a response and rolling production schedule. Dkt. # 69. MBUSA served its objections and responses to plaintiff's discovery requests on the agreed date, specifically noting that it was not responding on behalf of the

---

[1] This matter can be resolved on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
AMEND AND MOTION TO COMPEL - 1

other two Mercedes-Benz entities. Dkt. # 126-1 at 5. Plaintiff did not, and has not, served any discovery on defendants Mercedes-Benz Aktiengesellschaft ("MBAG") or Mercedes-Benz Group Aktiengesellschaft ("MBG").

Defendants served their Rule 26(a)(1) initial disclosures and made their first production of 75 documents (610 pages) in August 2023. Dkt. # 126 at ¶¶ 10 and 12. The parties began negotiating a protective order and an ESI protocol that same month, but they were not submitted to the Court or entered until May 2024. Dkt. # 126 at ¶¶ 16, 18, and 22. With a protective order in place, MBUSA made its second document production in June 2024, producing an additional 117 documents (11,724 pages). Dkt. # 126 at ¶ 24.

Pursuant to an order entered on May 1, 2024, the deadline for the substantial completion of document discovery was September 20, 2024, with fact discovery closing on December 1, 2024. Dkt. # 106. The ESI protocol entered on May 30, 2024, required the parties to identify individuals who were likely to have potentially relevant information in their possession, custody, or control within 30 days of the date of the order. Dkt. # 114 at 2. When plaintiff requested those disclosures towards the end of June, defendants responded that MBUSA and MBG were working on their lists and proposed search terms and would provide them as soon as they were able. Dkt. # 120 at ¶ 7; Dkt. # 126 at ¶ 26. Two more inquiries were ignored, Dkt. # 120 at ¶¶ 8-10, and a fourth inquiry on August 26th resulted in a promise to make disclosures that week, Dkt. # 120 at ¶¶ 10-11; Dkt. # 126 at ¶ 32. Plaintiff warned defendants that if they failed to make the required disclosures by August 30th, he would move to compel and request Rule 30(b)(6)

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
AMEND AND MOTION TO COMPEL - 2

depositions regarding corporate structure and ESI topics. Dkt. # 120 at ¶ 10. MBUSA disclosed six custodians and MBG and MBUSA disclosed ESI data sources on August 30th. Dkt. # 126 at ¶ 48; Dkt. # 126-2. MBG promised to provide a list of its custodians as soon as possible. Dkt. # 126-2 at 3.

On September 20, 2024, the day on which discovery was to be substantially complete, plaintiff inquired as to when all of defendants' custodians would be identified, insisting that all individuals likely to have relevant information had to be disclosed so that the parties could evaluate and determine which custodians' records would be collected and produced. Dkt. # 120 at ¶ 14. Plaintiff offered to accept a list of individuals who had received litigation hold notices as a proxy for the disclosures required by the ESI protocol. Dkt. # 120 at ¶ 14. On September 24th, plaintiff noted that discovery was not substantially complete and requested that defendants stipulate to an extension of the discovery deadlines. Dkt. # 120 at ¶ 15. Defendants again promised to produce the list of custodians and proposed search terms by the end of the next week. Dkt. # 120 at ¶ 16; Dkt. # 126 at ¶ 39. The parties generally agreed that the case management schedule would have to be extended, but they disagreed regarding the details. Plaintiff wanted a blanket extension of the scheduled deadlines, providing a draft joint motion on October 11th. Dkt. # 120 at ¶¶ 17-18; Dkt. # 126 at ¶ 41. Defendants, however, wanted to extend the deadline only for the completion of outstanding discovery and provided edits to the draft joint motion on October 27th. Dkt. # 120 at ¶ 21; Dkt. # 126 at ¶ 43.

On November 6th, plaintiff sent defendant edits to their proposed search terms and again requested a complete list of custodians. Dkt. # 120 at ¶ 22; Dkt. # 126 at ¶¶ 44-45. The parties ultimately agreed on the search terms, but on November 16th defendants announced that they did not believe that any further supplementation of the custodian list was required. Dkt. # 120 at ¶ 23; Dkt. # 126 at ¶ 46-48. Defendants produced another 4,329 documents (16,532 pages) on November 27th, utilizing the agreed search terms. Dkt. # 126 at ¶ 50.

On December 9th, after the close of discovery, plaintiff returned to the case management deadline issue, providing further edits to the joint motion to amend. Dkt. # 120 at ¶ 25; Dkt. # 126 at ¶ 52. The parties met and conferred, with plaintiff taking the position that defendants had not completed their productions and had made it impossible for him to complete discovery as scheduled: he requested that defendants agree to lift their proposed restrictions on his ability to take further discovery. Dkt. # 120 at ¶ 26; Dkt. # 126 at ¶ 55. Defendants were unwilling to restart discovery, but promised to make an additional production of documents on December 20th. Dkt. # 120 at ¶ 26; Dkt. # 126 at ¶ 55. This motion was filed on December 13th. Defendants produced another 4,494 documents (14,659 pages) as promised on December 20th. Dkt. # 126 at ¶ 56.

## DISCUSSION

Plaintiff's motion seeks two separate types of relief: (1) to amend case management deadlines that had already expired and (2) to compel the disclosure of all custodians holding potentially relevant ESI.

**A. Motion to Amend Case Schedule**

The deadline for the substantial completion of discovery was September 20, 2024, and the deadline for completing fact discovery was December 1, 2024. Dkt. # 106 at 1. On December 13th, plaintiff filed this motion to extend the discovery deadlines and all subsequent case management deadlines by six months. Plaintiffs argue that reopening discovery is necessary because defendants failed to comply with their initial disclosure obligations, refused to identify MBAG's and MBG's ESI custodians, identified too few custodians for MBUSA, and delayed production of the majority of documents responsive to plaintiff's May 2023 discovery requests.

Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Any defects in defendants' initial disclosures, the number of custodians identified by MBUSA, MBAG's failure to disclose record custodians, and/or the data sources identified by MBG and MBUSA were known long ago, yet plaintiff made no effort to remedy the perceived deficiencies before discovery closed. There is no indication that plaintiff used the disclosed information regarding MBUSA's custodians or the data sources identified by MBG/MBUSA to conduct discovery. Nor did plaintiff attempt to serve discovery on MBG or MBAG, despite having served requests for production on MBUSA in May 2023, long before its record custodians were identified. Neither diligence nor good cause have been shown for the failure to complete this discovery.

As to the other perceived discovery failures, however, defendants are at least partly to blame. Defendants repeatedly promised that they would produce all non-privileged documents that were responsive to plaintiff's discovery requests and that MBG would disclose record custodians. It was not until November 16th that defendants announced that they would not disclose custodians for MBG. It was not until November 27th that it became clear that MBUSA would not complete its document production by December 1st. While one could argue that plaintiff should have pushed for the promised disclosures in time to file a motion to compel and/or to initiate follow-up discovery, he will not be punished for having accepted defendants' representations as true. The Court finds that good cause for a narrow extension of the discovery and subsequent case management deadlines has been shown.

**B. Motion to Compel Production**

Motions to compel are to be noted on the Court's calendar for consideration 21-days after filing. Defendants' period for filing a response to plaintiff's motion was unduly curtailed to the extent that the motion seeks to compel MBG to identify record custodians under the ESI protocol. There is no indication, however, that they were unable to marshal the facts or law necessary to oppose the motion or were otherwise prejudiced by having to file their memorandum the Monday before the Christmas holiday rather than the Monday after. Defendants' primary argument is that MBG is not required to identify custodians because plaintiff did not serve any discovery requests on that entity.[2] This argument is a non-starter: the ESI protocol required each party to disclose record custodians within 30 days of entry of the order. Dkt. # 114 at 2. There is no requirement that discovery requests or deposition notices be served before the disclosures are made, nor would the purpose of the ESI protocol be furthered by such a requirement.

## CONCLUSION

For all of the foregoing reasons, plaintiff's motion for leave to extend the discovery deadline and to compel production is GRANTED in part. Defendants shall, within seven

---

[2] Defendants' other argument – that requiring the disclosure of the names and contact information of European citizens violates the European Union's General Data Protection Regulation ("GDPR") and is therefore inconsistent with comity considerations and is not proportional under Rule 26 -- is raised in a footnote and is generally unsupported. Both of the cases defendants cite recognize that production of individually identifiable data necessary to pursue or defend a legal claim is permitted under the GDPR. *Kashef v. BNP Paribas S.A.*, 2022 WL 1617489, at *3 (S.D.N.Y. May 23, 2022); *Gamboa v. Ford Motor Co.*, 2020 U.S. Dist. LEXIS 272376, at *12 (E.D. Mich. Dec. 2, 2020). Despite having the opportunity to do so, defendants made no attempt to show that the requested information is irrelevant, that its production would be unduly burdensome, or that the information is not necessary to the pursuit of plaintiff's claims, Defendants assert elsewhere that it was MBG that designed, manufactured, and/or tested the parts at issue in this litigation and agreed, through the ESI protocol, to produce the very information they now say is not necessary under a protective order.

ORDER GRANTING IN PART PLAINTIFFS' MOTION TO
AMEND AND MOTION TO COMPEL - 7

days of the date of this Order, disclose MBG custodians likely to have potentially relevant electronically-stored information in their possession, custody, or control under Paragraph B.1. of the ESI protocol. Plaintiff may, within thirty days of that disclosure, note the deposition of the disclosed individuals, propose search terms to be applied to MBG's ESI, and/or serve follow-up discovery regarding MBUSA's responses to the May 2023 requests for production. The discovery deadline will be extended for four months, with the other case management deadlines extended accordingly.

DATED this 3rd day of February, 2025.

Robert S. Lasnik
United States District Judge