UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEYYED JAVAD MAADANIAN,

                    Plaintiff,

          v.

MERCEDES-BENZ USA, LLC., *et al*.,

                    Defendants.

CASE NO. 2:22-cv-00665-RSL

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        This matter comes before the Court on defendants' "Motion for Summary Judgment." Dkt. 162. Plaintiff's 2011 ML 350 4Matic was subject to a voluntary recall in May 2022. The recall announcement advised customers to stop driving their vehicles until they could be inspected and modified/repaired. Plaintiff alleges that neither his local Mercedes-Benz dealership nor defendant Mercedes-Benz USA, LLC ("MBUSA") provided a loaner vehicle or covered the cost of renting a replacement vehicle between the issuance of the "stop-drive" notice and the certification that his vehicle was safe to drive. He asserts claims under the Washington Consumer Protection Act ("CPA") and for unjust enrichment arising from MBUSA's failure to provide timely and accurate information regarding alternative transportation options and failure to provide rental reimbursement when requested. Defendants seek summary judgment on both of the asserted claims, arguing that there is insufficient evidence to support them and that they are preempted.

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 1

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[2] and taking the evidence in the light most favorable to defendants, the Court finds as follows:

---

[2] This matter can be resolved on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 2

**A. Mercedes-Benz Aktiengesellschaft and Mercedes-Benz Group Aktiengesellschaft**

Plaintiff agrees to dismiss his claims against Mercedes-Benz Aktiengesellschaft and Mercedes-Benz Group Aktiengesellschaft. Their motion for summary judgment is therefore GRANTED.

**B. Gregory Gunther's Deposition Testimony and Declaration**

In support of the motion for summary judgment, MBUSA offers the Declaration of Gregory Gunther, Dkt. 163-2, and portions of his Rule 30(b)(6) deposition transcript, Dkt. 163-3. Plaintiff seeks to exclude this evidence in its entirety because Mr. Gunther was not disclosed in MBUSA's initial disclosures or a supplement thereto. Plaintiff further seeks to exclude the deposition transcript under Rule 32 and, if any portion of the evidence is admitted, seeks to limit it to statements that are based on Mr. Gunther's personal knowledge.

**1. Discovery Disclosures**

To overcome plaintiff's objection regarding MBUSA's failure to disclose Mr. Gunther as a potential witness, MBUSA relies on the facts that it identified itself as an individual likely to have discoverable information in its initial disclosures and disclosed Mr. Gunther as its Rule 30(b)(6) designee. Both of these arguments relate to Mr. Gunther's testimony on behalf of the corporation, however, not himself. If MBUSA intended to rely on Mr. Gunther's personal knowledge in this litigation, it offers no explanation or justification for its failure to identify the manager involved in communicating with the National Highway Traffic Safety Administration ("NHTSA") regarding recall campaign administration in its initial disclosures and supplements. Nevertheless, the Rule 30(b)(6) designation and deposition disclosed that Mr. Gunther has some areas of personal knowledge relevant to this litigation, and plaintiff has not shown that he was prejudiced by the timing or context of the disclosure. The Court finds that Mr. Gunther was adequately

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 3

disclosed as an individual with discoverable information and that there is no further need to supplement. Plaintiff's Rule 26(a) objection is overruled.

### 2. Rule 30(b)(6) Deposition Transcript

MBUSA's ability to rely on the Rule 30(b)(6) deposition testimony of Mr. Gunther is limited. Rule 30(b)(6) applies when a party wishes to depose a corporation, association, or other entity. The entity must produce a person (or persons) competent to testify on the topics described by the opposing party, and the witness testifies as a representative and on behalf of the entity. The witness is responsible for providing all the relevant information known or reasonably available to the entity without regard to the witness' personal knowledge, and his or her answers bind the organization. *See Roundtree v. Chase Bank USA, N.A.*, No. 2:13-cv-00239-MJP,  2014 WL 2480259, at *1 (W.D. Wash. June 3, 2014); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 487 (N.D. Cal. 2012). The Rule allows a party to obtain an incorporeal entity's testimony, it reduces the number of depositions the noticing party must take to discover what a corporation knows or did, it avoids problems arising from an asymmetry of information where the noticing party is unable to identify an appropriate witness for the subject matters at issue, and it curbs the ability of corporate officers/agents who are deposed in turn to each disclaim knowledge of facts that are clearly known to the corporation. *See Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 106 (D. Nev. 2023); *HSS Enters., LLC v. AMCO Ins. Co.*, No. -2:06-cv1485-JPD, 2008 WL 11506715, at *1 (W.D. Wash. May 7, 2008).

The use of deposition transcripts in subsequent court proceedings is generally limited by Rule 32 which specifies that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)." Fed. R. Civ. P. 32(a)(3). The rule reflects the fact that deposition testimony offered at trial or an evidentiary hearing to prove the truth of the matters asserted therein is hearsay unless offered by the adverse party as a

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 4

party admission. Fed. R. Ev. 801(d)(2). Despite the language of Rule 32(a)(3), however, the Ninth Circuit deems it error to exclude deposition testimony from consideration in the summary judgment context as long as the content of the testimony would be admissible if offered in the form of an affidavit. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 779 (9th Cir. 2002. *See also* Fed. R. Civ. P. 56(c)(1)(A); 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 2142 (3d ed. 2010). For the reasons discussed below, Mr. Gunther's proffered 30(b)(6) testimony is admissible only to the extent of his personal knowledge.

### 3. Declaration

Pursuant to Federal Rule of Evidence 602, a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." "Personal knowledge means knowledge produced by the direct involvement of the senses." *U.S. v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) (citing 3 Mueller & Kirkpatrick, Federal Evidence § 6.6 (3d ed. 2012*)). See also Great Am. Assur. Co. v. Liberty Surplus Ins. Corp*., 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) ("Personal knowledge includes opinions and inferences grounded in observations and experience."). While Rule 30(b)(6) authorizes an organizational deposition that is not based on personal knowledge of the witness, there is no corresponding authorization for an organizational declaration. Mr. Gunther is, therefore, limited to testifying regarding matters of which he has personal knowledge.

Plaintiff argues that Mr. Gunther lacks personal knowledge of the statements made in paragraphs 5, 7, and 8-13 of his declaration. Mr. Gunther is the "Senior Manager of Vehicle Compliance and Analysis" for MBUSA and states under penalty of perjury that the matters discussed in his declaration "are based upon [his] personal knowledge." Dkt. 163-3 at ¶ 1. Plaintiff acknowledges that Mr. Gunther's responsibilities include interfacing with the NHTSA regarding the administration of the recall campaign. Dkt. 172 at 14.

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 5

While Mr. Gunther may not have been responsible for MBUSA's communications with the press or customers, his job description appears to comprehend the NHTSA approvals discussed in paragraphs 5 and 7, as well as knowledge regarding which entity was responsible for administering the recall within the United States as discussed in paragraph 13. With regards to paragraphs 8-12, however, there is no evidence and no reason to suppose that the information contained therein arose from Mr. Gunther's observations and experiences rather than his assimilation of corporate data in preparation for the Rule 30(b)(6) deposition. The fact that he discussed this information at the Rule 30(b)(6) deposition does not suggest personal knowledge: Mr. Gunther prepared for that deposition by reviewing corporate data that was outside his observations and experiences within the company. MBUSA has failed to establish that Mr. Gunther has personal knowledge to support the statements contained in paragraphs 8-12 of his declaration. Neither those paragraphs nor the related deposition testimony has been considered in ruling on this motion.

**C. Washington Consumer Protection Act Claim**

In order to succeed on a CPA claim, plaintiff must show: "(1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in . . . her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). MBUSA argues that plaintiff has failed to raise a triable issue of fact regarding all but the second element of the CPA claim.

"[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest." *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 787 (2013). The first element of a

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 6

CPA claim is decided as a question of law when the facts are undisputed. As the Washington Supreme Court noted in *Leingang v. Pierce County Medical Bureau, Inc*.:

> Whether a party in fact committed a particular act is reviewable under the substantial evidence test. However, the determination of whether a particular statute applies to a factual situation is a conclusion of law. Consequently, whether a particular action gives rise to a Consumer Protection Act violation is reviewable as a question of law. . . . Therefore, since there is no dispute of facts as to what the parties did in this case, whether the conduct constitutes an unfair or deceptive act can be decided by this court as a question of law.

131 Wn.2d 133, 150 (1997) (internal citations omitted).

Plaintiff acknowledges that the contents of MBUSA's public statements and communications in this case are undisputed, as are its statements to the Mercedes-Benz dealerships. He nevertheless asserts that whether MBUSA's communication-related conduct is "unfair" for purposes of the CPA must be resolved by the jury because the parties dispute the inferences that can be drawn from the representations, citing *Greenberg v. Amazon.com, Inc*., 3 Wn.3d 434 (2024), as amended (Aug. 16, 2024). *Greenberg* follows the long line of Washington cases holding that "where there are no disputed issues of material fact and the issue is how a statute or regulation applies to the facts of the case, . . . the issue is a question of law for the court to resolve." 3 Wn.3d at 475. While mixed questions of law and fact – situations in which the underlying conduct must first be ascertained before the law can be applied – may be submitted to a jury with proper instructions, where the facts are undisputed, application of the law is for the Court to decide. 3 Wn.3d at 477-478 (analyzing and distinguishing *Guijosa v. Wal-Mart Stores, Inc*., 144 Wn.2d 907 (2001)).

Plaintiff argues that MBUSA's communications regarding the availability of alternative transportation options and/or reimbursement of out-of-pocket expenses misrepresented the policies that were actually in place at the time, had a tendency to

discourage consumers from seeking these benefits, and did not guarantee that consumers would be made whole even if they followed MBUSA's instructions. In short, plaintiff contends that MBUSA's implementation of the recall was unfair "because it forced [p]laintiff and the other consumers to bear the costs related to the recall when it failed to provide and communicate the existence of adequate mobility solutions while the stop-drive remained in effect." Dkt. 172 at 20.

On May 12, 2022, MBUSA issued a press release advising consumers to stop driving their vehicles, offering complimentary towing to a dealership to remove the rubber brake booster sleeve and inspect the brake booster housing, and promising assistance with alternative mobility options if repair were needed and could not be carried out immediately. Dkt. 137-1 at 3. A more detailed notice was sent to consumers on June 30, 2022, reiterating the advice not to drive the affected vehicles, promising an individualized mobility solution free of charge if the inspection showed that repair was needed,[1] and instructing consumers to discuss options with their dealership if they needed alternative transportation in the meantime. Dkt. 137-8 at 2-3. The notice further stated that if the dealership were "unable to address your concerns please contact us at 1-889-548-8514. We are always happy to hear from you." Dkt. 137-8 at 4.

Plaintiff asserts that these representations were unfair or deceptive because at some point between May 12, 2022, and June 30, 2022, MBUSA decided to provide mobility solutions (including reimbursement of rental expenses), but withheld that information from the public, creating uncertainty and leaving consumers with the unpalatable choice of going without transportation or incurring potentially unreimbursed costs. MBUSA's internal discussions with its dealerships are revealed through the "News Channel Updates" it provided between May 12, 2022, and June 22, 2022. Dkt. 159-15, 159-17, 159-18, 159-

---

[1] By that point, the scarcity of replacement parts made immediate repair all but impossible. Dkt. 137-6 at 3.

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 8

21, 159-22, and 159-24. There is no indication that MBUSA had any more definite plan in place than what was publicly stated in the press release when plaintiff first called the dealership and MBUSA's customer service line on May 13, 2022. On May 14, 2022, MBUSA instructed its dealerships that mobility solutions would be offered at the time the recall launched (on or about May 28, 2022), that reimbursement would be available for the entirety of the stop-drive period, and that customers should save their receipts if they utilized alternative transportation in the interim, with reimbursements being provided up to a maximum of $80 per day. Dkt. 137-17 at 4-5. At some point, MBUSA entered into an agreement with Enterprise Rent-a-Car to provide discounted rates for its customers that would not exceed the daily reimbursement cap. When plaintiff again called the customer service line on June 2, 2022, he was told that MBUSA would reimburse rental expenses up to $80 per day for one month. By the time the June 30, 2022, notice letter issued, the reimbursement cap and time limit had been dropped.

Plaintiff has not identified any inconsistency between MBUSA's statements to its dealerships and its instructions to its customers.[2] As procedures and policies for administering the recall were developed over time, MBUSA's communications to its customers were adjusted to match. While this situation undoubtedly led to ambiguity and uncertainty regarding the timing of repairs, mobility alternatives, and reimbursement, to the extent plaintiff is arguing that MBUSA should have had a fully-developed recall program in place before issuing the stop-drive notice the argument is rejected. A rule that would compel manufacturers to delay notice of a defect until a remedy and its administration had been finally determined would not promote the public interest: any lack of clarity and uncertainness imposed on consumers in this circumstance would be

---

[2] For purposes of the CPA, a plaintiff does not need to show the act was intended to deceive, "only that it had the capacity to deceive a substantial portion of the public." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 47 (2009). A deceptive act or practice is measured by "the net impression" on a reasonable consumer. *Id*. at 50.

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 9

substantially outweighed by the countervailing interests of consumers and the general public in having timely notice of a defect which could render vehicles unsafe and dangerous.

Plaintiff argues that MBUSA's failure to clearly articulate the steps necessary to obtain reimbursement was unfair in that it dissuaded consumers from trying to take advantage of mobility alternatives and made it more difficult to obtain reimbursement when they did. Plaintiff can show that an act or practice that is not regulated by statute is unfair in a number of ways. As set forth in *Greenberg*, courts are to consider such factors as: (a) whether defendant's conduct is in violation of public interest; (b) whether the conduct falls within the penumbra of some common-law, statutory or other established concept of unfairness; (c) whether the conduct is immoral, unethical, oppressive, or unscrupulous; (d) whether the conduct is likely to cause substantial injury to consumers, competitors, other businessmen; and (e) whether the alleged injury to consumers was reasonably avoidable by the consumers themselves or was outweighed by countervailing benefits to consumers or to competition. 3 Wn.3d at 455-59 (citing *Klem*, 176 Wn.2d at 787; *Fed. Trade Comm'n v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972); and 15 U.S.C. § 45(n)). Having considered these factors and plaintiff's arguments, the Court finds that MBUSA's communications regarding how to obtain reimbursement for the costs of alternative transportation are not "unfair" for purposes of the CPA. MBUSA's communications with its customers were not affirmatively misleading, and they directed consumers to their local dealership and provided a MBUSA customer service number if they had questions or their concerns were not met. MBUSA's conduct is not remotely unethical, immoral, or illegal. Any confusion or hesitancy that a hypothetical consumer might feel after reading the disclosures is not a substantial injury, especially in light of the opportunities consumers had to seek clarification. Finally, as discussed above, any injury to consumers caused by the developing mobility assistance policy was substantially

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 10

outweighed by the countervailing interests of consumers and the general public in having timely notice of a defect which could render vehicles unsafe and dangerous.

Because plaintiff's CPA claim fails on the first element, the Court need to determine whether MBUSA's conduct impacts the public interest, whether plaintiff suffered compensable injury, or whether MBUSA caused those injuries.

**D. Unjust Enrichment**

Under Washington law, a party claiming unjust enrichment must allege both that he conferred a benefit upon the defendant and that the acceptance or retention by the defendant of the benefit without payment would be unfair. *Young v. Young*, 164 Wn.2d 477, 484 (2008). Plaintiff has abandoned his original argument that he conferred a benefit on MBUSA by paying more for his Mercedes-Benz than he would have paid had he known about the brake booster housing defect. His new argument is that he satisfied a debt or duty owed by MBUSA when he paid for a rental car between May 17, 2022, and July 22, 2022. Plaintiff has not paid any money to MBUSA. MBUSA has not received or retained any money from plaintiff. Nor has plaintiff shown that his payments to Enterprise Rent-a-Car retired a debt or satisfied an obligation owed by MBUSA. The fact that MBUSA included mobility assistance in its voluntary recall program does not show that MBUSA was legally obligated to plaintiff or Enterprise Rent-a-Car. The unjust enrichment claim fails as a matter of law.

**E. Preemption**

Neither of plaintiff's claims survive summary judgment. The Court need not determine whether they are preempted by the Safety Act and/or NHTSA's requirements.

//

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. 162) is GRANTED.


DATED this 9th day of March, 2026.


Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 12